(966 P.2d 96)

No. 78,990

RUSTY L. ANDERSON, *Appellee,* v. BILL MORRIS CONSTRUCTION CO., INC., and FIREMAN'S FUND INSURANCE COMPANY, *Appellants.*

Opinion filed October 30, 1998.

*Kendall R. Cunningham,* of Gilliland & Hayes, P.A., of Wichita, for appellants.

*Robert E. Shaver* and *Gregory G. Lower,* of Cassell & Lower, L.L.C., of Wichita, for appellee.

Before GREEN, P.J., LEWIS, J., and PETER V. RUDDICK, District Judge, assigned.

GREEN, J.: This workers compensation case involves an appeal by Bill Morris Construction Co., Inc., (Morris Construction) and Fireman's Fund Insurance Company (Fireman's Fund) from a decision of the Workers Compensation Board (Board) dismissing their ap-

plication for review as untimely. On appeal, they contend that the 10-day deadline under K.S.A. 1996 Supp. 44-551(b)(1) and K.A.R. 51-18-2 should be extended based on K.S.A. 77-613(e) and K.S.A. 60-205(b). In the alternative, they argue that the deadline should be extended based on excusable neglect. We disagree and affirm.

The administrative law judge (ALJ) rendered an order in favor of the injured worker on January 31, 1997, after conducting a preliminary hearing on January 29, 1997. Because of a mistake involving the current address of Morris Construction and Fireman's Fund's attorney, their attorney did not become aware of the order until February 24, 1997. The Board noted that the ALJ's order was issued on January 31, 1997, and that the application for review was not filed until February 24, 1997. Finding that more than 10 days had elapsed between those two dates, excluding Saturdays, Sundays, and legal holidays, the Board determined that the application for review was untimely.

The sole issue in this case is whether the Board correctly determined that Morris Construction and Fireman's Fund's application for review was untimely filed. This issue requires that we construe relevant statutes, which is a question of law upon which our appellate review is unlimited. *Jones v. Continental Can Co.*, 260 Kan. 547, 550, 920 P.2d 939 (1996).

The Board maintained that K.S.A. 1996 Supp. 44-551(b)(1) and K.A.R. 51-18-2 provide a 10-day period for filing an application for review of a workers compensation award. K.S.A. 1996 Supp. 44-551(b)(1) provides for Board review of ALJ decisions as follows: "All acts, findings, awards, decisions, rulings or modifications of findings or awards made by an administrative law judge shall be subject to review by the board upon written request of any interested party within 10 days." K.A.R. 51-18-2 explains that the effective date of the ALJ's actions shall begin the day after the date in the ALJ's order.

In applying this statute and regulation, the Board claimed that the time period began running on February 1, 1997, and ended on February 14, 1997, excluding Saturdays, Sundays, and legal holidays. In addition, the Board applied K.S.A. 60-206(a) and *McIntyre*

*v. A.L. Abercrombie, Inc.*, 23 Kan. App. 2d 204, 929 P.2d 1386 (1996), in arriving at this computation.

On the other hand, Morris Construction and Fireman's Fund argue that because the ALJ's order was not mailed to the last known address of their attorney, the 10-day time limit under K.S.A. 1996 Supp. 44-551(b)(1) did not begin to run until their attorney had received actual notice of the order, which was February 24, 1997. They cite K.S.A. 77-613(e), K.S.A. 60-205(b), and K.S.A. 60-2103(a) in support of their argument. These statutes deal with service of pleadings and other papers and excusable neglect.

*Service*

K.S.A. 77-613(e) states: "Service of an order, pleading or other matter shall be made upon the parties to the agency proceeding and their attorneys of record, if any, by delivering a copy of it to them or *by mailing a copy of it to them at their last known addresses.*" (Emphasis added.) K.S.A. 60-205(b)(2) also states that service may be made by "mailing it to the attorney or a party at the last known address."

Nevertheless, the fact that K.S.A. 77-613(e) and K.S.A. 60-205(b)(2) require service of an order or other papers to be mailed to the last known address of the party or the parties' attorney does not extend the 10-day rule under K.S.A. 1996 Supp. 44-551(b)(1) just because the notice was not mailed to the last known address of the parties' attorney. Neither K.S.A. 77-613(e) nor K.S.A. 60-205(b)(2) requires an act to be done within a prescribed period of time after service of an order or other matter. Nevertheless, K.S.A. 1996 Supp. 44-551(b)(1) and K.A.R. 51-18-2 require an application for review to be made "on or before the tenth day after the effective date" of the ALJ's decision. Because the 10-day rule runs from the day after the ALJ's action, rather than from the date service is made, Morris Construction and Fireman's Fund's arguments fail.

*Excusable Neglect*

Morris Construction and Fireman's Fund contend that the deadline of K.S.A. 1996 Supp. 44-551(b)(1) should be extended on the basis of excusable neglect. In arguing that an excusable neglect

standard should be applied, Morris Construction and Fireman's Fund cite K.S.A. 60-2103(a). K.S.A. 60-2103(a) states that "upon a showing of excusable neglect based on a failure of a party to learn of the entry of judgment the district court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed."

Nevertheless, their reliance on this statute is misplaced. Morris Construction and Fireman's Fund cite no case law, and we were unable to find any, where excusable neglect involving the deadline for filing an application for review under K.S.A. 44-551 (or K.S.A. 1996 Supp. 44-551) has ever been approved by our appellate courts. Although they cite *McIntyre* in support of their argument, their reliance on this case is flawed. *McIntyre* dealt with the applicability of 60-206(a) to 44-551. *McIntyre* neither dealt with nor discussed the applicability of 60-2103(a) to 44-551.

Furthermore, the purpose of the 10-day rule under K.S.A. 1996 Supp. 44-551(b)(1) is to promote finality of workers compensation claims. The rule prevents an interested party from challenging the ALJ's actions long after the ALJ's decision has been made. As a result, excusable neglect cannot justify the untimeliness of Morris Construction and Fireman's Fund's application for review.

*Duty to Inquire*

Neither Morris Construction nor Fireman's Fund argues that the ALJ or her staff misled them about the 10-day period under K.S.A. 1996 Supp. 44-551(b)(1) or extended the time for filing an application for review upon which either of them relied. To the contrary, the only argument of Morris Construction or Fireman's Fund is the absence of service.

Turning our attention to the record, we note that both Morris Construction and Fireman's Fund were actively involved in this case. Because they participated in the preliminary hearing, they had notice that the ALJ would be making a decision in this matter shortly after the hearing. K.S.A. 1996 Supp. 44-534a requires ALJs to render a decision within 5 days from the conclusion of the preliminary hearing. In stating that once parties are put on guard, they have knowledge of everything to which an inquiry might have led,

the court in *D. C. Transit System, Inc. v. United States*, 531 F. Supp. 808, 812 (D.D.C. 1982), stated:

" '[W]hatever is notice enough to excite attention and put the party on his guard and call for inquiry is notice of everything to which such inquiry might have led. When a person has sufficient information to lead him to a fact, he shall be deemed to be conversant of it.' "

See *Armourdale State Bank v. Homeland Ins. Co.*, 134 Kan. 245, 249-50, 5 P.2d 786 (1931). Had Morris Construction and Fireman's Fund made a timely inquiry after the preliminary hearing in this matter, they would have discovered that the ALJ had issued her order on January 31, 1997, and that the 10-day period under K.S.A. 1996 Supp. 44-551(b)(1) would begin to run on February 1, 1997.

Although Morris Construction and Fireman's Fund argue that imposing a duty upon interested parties to continually inquire about possible court orders is too burdensome, we disagree. As stated earlier, K.S.A. 1996 Supp. 44-534a requires ALJs to render a decision within 5 days from the conclusion of the preliminary hearing. This statute severely limits the time period and the discretion of ALJs in rendering their decisions. As a result, the responsibility to inquire into the deadline for filing an application for review is not so burdensome as to outweigh the increasing need for the expeditious judicial administration of workers compensation cases.

Finally, parties in litigation are presumed to know the law. See *Flott v. Wenger Mixer Manufacturing Co.*, 189 Kan. 80, 88, 367 P.2d 44 (1961); *Knight v. Myers*, 12 Kan. App. 2d 469, 475, 748 P.2d 896 (1988) ("Everyone is presumed to know the law . . . including relevant statutes of limitation.").

As a result, Morris Construction and Fireman's Fund are charged with knowledge of the time limitations under K.S.A. 1996 Supp. 44-551(b)(1) and the time period for ALJs to render a decision under K.S.A. 1996 Supp. 44-534a. Morris Construction and Fireman's Fund knew that the ALJ was required to render a decision by February 3, 1997. Consequently, they constructively knew that a timely application for review would have to be filed on or before February 14, 1997, which is coincidentally the deadline

date determined by the Board. Because Morris Construction and Fireman's Fund constructively knew that on or before February 14, 1997, was the deadline to file a timely application for review, the application for review they filed on February 24, 1997, is clearly time barred.

*Case Law*

Our Supreme Court considered a similar issue in *Jones*. In *Jones*, also a workers compensation case, the Commissioner of Insurance filed a notice of appeal just beyond the 30 days allowed by statute. In contending that the notice of appeal was timely, the Commissioner of Insurance argued that the 3-day mailing rule under K.S.A. 60-206(e) satisfied the timeliness of the appeal. Although acknowledging that K.S.A. 60-206(e) applied to workers compensation appeals from 1979 until 1986, and that K.S.A. 77-613(d) permitted an identical 3-day mailing extension from 1986 until 1993, our Supreme Court concluded that no 3-day mailing rule applied after the 1993 amendment to K.S.A. 44-556(a).

In dismissing the appeal as untimely, our Supreme Court stated:

"The Workers Compensation Act provides its own time limit for appeal without reference to Chapter 60 and in preemption of K.S.A. 1995 Supp. 77-613. The statutory basis for applying the provisions of the Code of Civil Procedure to workers compensation appeals was removed by the legislature. This leads us to a strict application of the wording of K.S.A. 1995 Supp. 44-556(a) and the dismissal of this appeal as untimely." *Jones*, 260 Kan. at 557.

The *Jones* holding, then, can be applied to the present case. From the above analysis, we conclude that when a statutory method has been furnished for seeking an appeal, it must be followed or the administrative board or court that is hearing the appeal is without jurisdiction. See *Resolution Trust Corp. v. Bopp*, 251 Kan. 539, 541, 836 P.2d 1142 (1992).

Because Morris Construction and Fireman's Fund failed to file their application for review within the time limitations of K.S.A. 1996 Supp. 44-551(b)(1), the Board had no jurisdiction, and this court has no jurisdiction to consider their appeal.

Appeal dismissed.

LEWIS, J., dissenting: In the interests of justice, I dissent. The concept of justice is abused by the majority decision to affirm the trial court.

Under the Workers Compensation Act, there is a 10-day period within which an application for review must be filed. If an application for review is not filed within 10 days of the date of the decision, no review may be allowed. It is axiomatic that one would be unable to file an application for the review of an order until such time as one had information that the order had been issued.

In the instant matter, the administrative law judge failed and neglected to notify the appellants of her written opinion in this matter. It appears she mailed a copy of that opinion, but mailed it to the wrong address.

As a direct result of the failure of the administrative law judge to do her job, the appellants did not become aware of the decision until more than 10 days after it was handed down.

The parties agree it was the function of the administrative law judge, on whom they all relied, to advise the parties of her decision. She failed to do so in a proper manner. Under the majority opinion, the appellants will be denied a valuable legal right to seek review because they relied upon the administrative law judge to do her job and notify the appellants when the decision was filed.

Even though the appellants' only mistake was in relying on the administrative law judge, the majority refuses to recognize any circumstances under which the deprivation of the appellants' rights to appeal may be remedied.

I consider the decision wrong and not in the interest of justice. I would reverse and reinstate the appeal in the "interest of justice" based on at least three Supreme Court decisions.

In *Schroeder v. Urban*, 242 Kan. 710, 750 P.2d 405 (1988), the Supreme Court adopted the "unique circumstances" doctrine, which, in my judgment, applies to the instant matter. A reading of *Schroeder* will show that the attorney for the appellee was, in fact, the writer of this dissent and that I was on the wrong side of the decision. Be that as it may, I believe the rationale of that decision applies to this case and requires that we reinstate the appeal from the administrative law judge's decision.

In *Schroeder*, the trial judge erroneously granted the defendants an additional 30 days to file a notice of appeal from his decision. Within that 30-day extension period, the defendants secured new counsel and filed their notice of appeal. The case went initially to this court, which dismissed the appeal for lack of jurisdiction.

This court, in an unpublished decision, held the trial court had no authority to extend the time in which an appeal must be filed. Accordingly, in relying on the trial court's void order extending time, the 30 days' appeal time came and went. The appellants, the court said, had lost their right to appeal.

The Supreme Court granted review and reversed this court, saying:

"*In the interest of justice*, an appeal which is otherwise untimely may be maintained in unique circumstances if (1) the appellant reasonably and in good faith relies upon judicial action seemingly extending the appeal period; (2) the court order purporting to extend the appeal time was for no more than 30 days and was made and entered prior to the expiration of the official appeal period; and (3) the appellant files a notice of appeal within the period apparently judicially extended." (Emphasis added.) 242 Kan. 710, Syl.

The court also quoted from 4A Wright and Miller, Federal Practice and Procedure: Civil 2d § 1168 (1987), as follows:

" 'When employed in the context of an untimely appeal, the unique circumstances concept is based on a theory similar to estoppel. The Supreme Court seems to have concluded that a party ought not be denied an opportunity to appeal because of his failure to file a timely appeal *when that failure resulted from reliance on action taken by the district court that generated a reasonable belief that an appeal could be initiated at a later date.*' " (Emphasis added.) 242 Kan. at 713.

In extending the period of time for the appellant in *Schroeder*, the Supreme Court emphasized the fact that

"[t]he Urbans relied in good faith upon the trial court's action extending the appeal period, and they filed their notice of appeal within the extension of time granted by the trial court. Had the trial court denied the motion, counsel for the Urbans could have filed a timely notice of appeal." 242 Kan. at 713-14.

The next case involving the unique circumstances doctrine was *Slayden v. Sixta*, 250 Kan. 23, 825 P.2d 119 (1992). In that case, an error by the clerk of the district court when addressing a summons prevented that summons from being served within the stat-

ute of limitations. There was apparently no fault on the part of the plaintiff, and the decision that the plaintiff's action was not timely filed rested solely on the failure of the clerk to properly address and see that the summons was served. In applying the unique circumstances doctrine, the Supreme Court stated:

"Our legislature did not intend that an error by a clerk of the district court when addressing a summons should deprive a litigant of the right to an adjudication of the issues on the merits. We find under the unique circumstances of this case that the 40-day delay in serving the summons caused by the clerk of the district court should not be charged to the plaintiff. Service of summons on the defendant was within the 90-day limit of K.S.A. 1990 Supp. 60-203." 250 Kan. at 30-31.

The court also said:

"In the federal courts, 'unique circumstances,' although limited to appeals, has proven to be an elastic concept. The doctrine seems to require a demonstration of good faith on the part of the party seeking an enlargement of time to appeal and a reasonable basis for noncompliance within the time specified by the rules. The same concept should guide this court when applying the doctrine." 250 Kan. at 30.

Finally, there is the decision *In re Tax Appeal of Sumner County*, 261 Kan. 307, 930 P.2d 1385 (1997). That case removes any doubt that the unique circumstances doctrine can be applied when the decision being reviewed is an administrative order. In that case, the Board of Tax Appeals (BOTA) sent an order to the appellant advising the appellant that its regulations provided 30 days in which to petition for rehearing. That advice was wrong; a litigant had only 15 days in which to petition for rehearing. Nevertheless, relying upon the information provided by BOTA, the appellant did not file a motion for rehearing until after 15 days had expired.

In *Sumner County*, the court applied the unique circumstances doctrine, holding as follows:

"The unique circumstances doctrine is one of specific and limited application and is subject to de novo review by the appellate courts. Our issue is whether the Court of Appeals' application of the unique circumstances doctrine to an administrative agency's action under these circumstances was erroneous. Simply stated, do the facts in this case require application of the unique circumstances doctrine adopted in *Schroeder* and *Slayden*. *Schroeder* involved an extension of the time to appeal granted by a district court, not a nonjudicial administrative agency.

*Slayden* dealt with a district court clerk's error in addressing an alias summons, not a misstatement of the law by an administrative agency.

"Here, there was no request for an extension by a party, but the County relied on a statement in a BOTA order advising the parties they had 30 days to file a petition for reconsideration under BOTA's regulation. In other words, there was neither a request for an extension of time nor judicial action extending the statutory time for filing the appeal. See *State v. Ji*, 255 Kan. 101, 104, 872 P.2d 748 (1994) (refusing to apply doctrine of unique circumstances where statutory limit to file appeal was not extended by the court within the time to perfect the appeal).

"The parties concede that the confusion in this case was caused by BOTA's order stating that its regulations provided 30 days in which to petition for rehearing. The County perfected its request for a rehearing within the time allowed by the tribunal. Does this establish unique circumstances sufficient for application of the equitable rule allowing review on the merits in the interests of justice, notwithstanding a legal defect in perfecting the appeal? The Court of Appeals' decision to apply the unique circumstances doctrine to an administrative action was based upon these facts: (1) All parties were aware that BOTA's initial order of March 9, 1990, was a 'final order,' and (2) the County relied upon BOTA's order stating its regulation allowed 30 days to file a petition for rehearing.

"Unlike many other agencies subject to KAPA, BOTA had well-established procedures before it was subjected to KAPA. These procedures included requiring petitions for rehearing in order to exhaust administrative review to be filed in 30 days. According to the County, after the 15-day period became effective, BOTA erroneously issued approximately 3,400 orders stating the parties had 30 days to petition for reconsideration. In reliance upon that notice, over 100 petitions for reconsideration were filed within the time set by BOTA's notice and its regulation, but outside the statutory limit of 15 days. In each case, all parties were aware that BOTA's initial order was a 'final order' and that to preserve the right to judicial review, a motion for rehearing was required. In addition, each party was notified that BOTA's regulation allowed 30 days to file a motion for rehearing and the motion for rehearing was filed within the time specified in the order. If 3,400 erroneous orders by an administrative agency is not a unique circumstance—what is?

"Under the unique circumstances of this case, the administrative agency's erroneous statement that the County had 30 days to file a petition for rehearing under its regulation should not deprive the County of the right to an adjudication of the issues on the merits. We affirm the Court of Appeals' opinion affirming the trial court's order remanding the case to BOTA for a hearing upon the merits of Sumner County's petition for reconsideration." 261 Kan. at 316-17.

I am unable to seriously distinguish this case from any of the three cases cited above. In each of those three cases, the action that led to the appellant losing the right to appeal or the right to

file an action was a negligent or wrongful action by a judge or other officer on which the parties had every right to rely. In this case, the appellants have lost their right to the review of a workers compensation decision because they were not notified of that decision by the administrative law judge in a timely manner. The appellants had every right to rely on the administrative law judge to advise the parties of the decision which she had reached. To deprive the appellants of a review of that decision because of a mistake made by the writer of that decision is not my idea of justice. The petition for review in this case was filed within 10 days of the date the appellants learned of the administrative law judge's order. In line with *Schroeder*, *Slayden*, and *Sumner County*, I would hold the appeal was timely filed via the application of the unique circumstances doctrine and in the interest of justice.

To suggest that the appellants should have found the decision by their own means begs the question. The parties relied on the administrative law judge to mail them her decision. An effort was made to do so, but the decision was sent to the wrong address. By the time the appellants found out about the order, the time to apply for review had run.

I would reverse the decision of the trial court and remand the matter with instructions to proceed with the appeal from the decision of the administrative law judge.