No. 79,240

HONG VAN NGUYEN, *Appellant,* v. IBP, INC., *Appellee.*
(972 P.2d 747)

Opinion filed January 22, 1999.

*Diane F. Barger*, of Wichita, argued the cause and was on the brief for appellant.

*Gregory D. Worth*, of Lenexa, argued the cause, and *Tina M. Sabag*, of Dakota City, Nebraska, was on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Worker appeals an order of the Workers Compensation Board (Board) dismissing the worker's appeal as not being timely filed because the administrative law judge mailed the award

to the wrong address. Worker claims the administrative law judge's clerical error tolls the time for filing an application for review with the Board.

Hong Van Nguyen sustained a work-related injury on or about March 2, 1993. On July 29, 1996, special administrative law judge (ALJ) Michael T. Harris awarded Nguyen permanent partial disability benefits based on 25 percent functional impairment to the left forearm. A copy of the award was mailed by the ALJ by United States first class mail to Nguyen's attorney at his address in Emporia, Kansas. The ALJ mistakenly placed the zip code for Topeka, Kansas, in the attorney's address.

After a circuitous routing, postal authorities delivered the award to Nguyen's attorney on September 6, 1996. Nguyen's attorney filed an application for review by the Board on September 9, 1996, 3 days after receipt of the award. IBP, Inc., (IBP) objected to Nguyen's appeal, asserting that an application for review filed out of time deprived the Board of jurisdiction of the appeal. The Board agreed and dismissed Nguyen's appeal as untimely. Nguyen appealed the Board's dismissal of the case to the Court of Appeals. The case was transferred to this court pursuant to K.S.A. 20-3018(c).

The single issue is whether the ALJ's error in addressing Nguyen's notice of award, which delayed Nguyen's receipt of the award until after the 10-day period for filing an application for review had expired, tolled the time for filing an application for review.

Nguyen makes two arguments in support of his contention that the ALJ's error tolled the running of the statutory time: First, the unique circumstances of this case provide a basis for relief; second, the misaddressed award was insufficient to satisfy minimal due process notice requirements.

IBP's position is that the time for taking an appeal is jurisdictional and any delay beyond the statutory time for taking an appeal in a workers compensation case, regardless of the reason, is fatal to the appeal. IBP relies primarily on the holding of *Jones v. Continental Can Co.*, 260 Kan. 547, 557, 920 P.2d 939 (1996), which determined that the Workers Compensation Act is complete in

itself and cannot be supplemented by the general procedural provisions of the Kansas Code of Civil Procedure which extend the time for a party to act.

## Procedure for Review

The right to review of an ALJ award by the Board is stated in K.S.A. 1996 Supp. 44-551(b)(1), which provides, in part: "All final orders, awards, modifications of awards, or preliminary awards under 44-534a and amendments thereto made by an administrative law judge shall be subject to review by the board upon written request of any interested party within 10 days." The effective date of a workers compensation award is the day following the date noted by the ALJ in the award. K.S.A. 1996 Supp. 44-525(a).

Nguyen contends that the Workers Compensation Act is to be liberally construed in favor of the claimant and the standard of review is abuse of discretion. IBP disputes Nguyen's contention as to liberal construction in favor of the worker and argues that the issues presented are purely jurisdictional, thereby precluding the exercise of discretion by the Board to hear the case.

Prior to 1987, the Workers Compensation Act stated it was the duty of the courts to liberally construe the workers compensation statutes to award compensation to the worker where it was reasonably possible to do so. *Angleton v. Starkan, Inc.*, 250 Kan. 711, 716, 828 P.2d 933 (1992). The liberal construction rule favoring the worker was altered by the legislature in 1987 by the addition of subsection (g) to K.S.A. 44-501. K.S.A. 1996 Supp. 44-501(g) provides:

"It is the intent of the legislature that the workers compensation act shall be liberally construed for the purpose of bringing employers and employees within the provisions of the act to provide the protections of the workers compensation act to both. The provisions of the workers compensation act shall be applied impartially to both employers and employees in cases arising thereunder."

Nguyen's contention that this court should liberally construe the Workers Compensation Act in favor of the claimant is no longer supported in law and has not been countenanced by the appellate courts in post-1987 cases. See, *e.g., Miner v. M. Bruenger & Co.*, 17 Kan. App. 2d 185, 193-94, 836 P.2d 19 (1992).

The issue presented requires us to determine whether the Board has the jurisdiction to consider a claimant's application for review filed beyond the statutory 10-day limit. Resolution of the issue requires interpretation of statutes involving review of compensation awards. Interpretation of a statute is a question of law subject to unlimited review by an appellate court. *McIntyre v. A. L. Abercrombie, Inc.*, 23 Kan. App. 2d 204, 929 P.2d 1386 (1996).

K.S.A. 1996 Supp. 44-523 provides, in part:

"(c) When all parties have submitted the case to an administrative law judge for an award, the administrative law judge shall issue an award within 30 days. . . . When the award is not entered in 30 days, any party to the action may notify the director that an award is not entered and the director shall assign the matter to an assistant director or to a special administrative law judge who shall enter an award forthwith based on the evidence in the record, or the director, on the director's own motion, may remove the case from the administrative law judge who has not entered an award within 30 days following submission by the party and assign it to an assistant director or to a special administrative law judge for immediate decision based on the evidence in the record."

K.S.A. 1996 Supp. 44-551(d) provides, in part:

"In case of emergency the director may appoint special local administrative law judges and assign to them the examination and hearing of any designated case or cases."

The ALJ was required to issue an award within 30 days of the party's submission of the case to the ALJ. See K.S.A. 1996 Supp. 44-523. The provision in 44-523(c) that an award shall be made within 30 days from the time the matter is submitted to the ALJ is designed to secure prompt action; it does not impose a time limitation upon the Director's jurisdiction to make an award. See *Bradford v. Boeing Military Airplanes*, 22 Kan. App. 2d 868, 873, 924 P.2d 1263, *rev. denied* 261 Kan 1082 (1996). Therefore, the 30-day limitation is directory only, not mandatory. More than 3 months passed between the date this case was submitted to the ALJ and Nguyen's receipt of the ALJ's award.

A recent Court of Appeals case filed prior to oral argument in this case, *Anderson v. Bill Morris Constr. Co., Inc.*, 25 Kan. App. 2d 603, 966 P.2d 96 (1998), Judge Lewis, dissenting, dealt with a similar issue. *Anderson* considered whether a delay beyond the

statutory time for rendering a decision creates a responsibility on the part of the claimant to inquire about the status of his or her case. In *Anderson*, the ALJ rendered an order in favor of the injured worker on January 31, 1997, after conducting a preliminary hearing on January 29, 1997. Because of a mistake by the ALJ involving the current address of the attorney for Morris Construction and its insurer, Fireman's Fund, the claimant's attorney did not become aware of the order until February 24, 1997. The attorney filed an application for review on that date. The Board noted that the ALJ's order was issued on January 31, 1997, and that the application for review was not filed until February 24, 1997. Finding that more than 10 days had elapsed between those two dates, excluding Saturdays, Sundays, and legal holidays, the Board determined that the application for review was untimely. The sole issue was whether under the circumstances the Board correctly determined that the application for review was untimely filed.

K.S.A. 77-613(e) and K.S.A. 60-205(b)(2) require service (notice) of an order or other papers to be mailed to the last known address of the party or the parties' attorney. The majority of the Court of Appeals found that the fact that the award was not mailed to the last known address of the parties' attorney does not extend the 10-day rule under 44-551(b)(1). The majority noted that 44-551(b)(1) and K.A.R. 51-18-2 require an application for review to be made "on or before the tenth day after the effective date" of the ALJ's decision. The majority rejected the argument by Morris Construction and Fireman's Fund that the time for filing an application for review does not begin to run until the attorney actually receives the order. The majority found that the 10-day rule for requesting review runs from the day after the ALJ's action, rather than from the date service is made.

Morris Construction and Fireman's Fund also contended that the deadline of 44-551(b)(1) should be extended on the basis of excusable neglect. In arguing that an excusable neglect standard should be applied, Morris Construction and Fireman's Fund cited K.S.A. 60-2103(a).

The majority noted that K.S.A. 60-2103(a) states that "upon a showing of excusable neglect based on a failure of a party to learn

of the entry of judgment the district court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed." The majority concluded that the purpose of the 10-day rule under 44-551(b)(1) is to promote finality of workers compensation claims. The rule prevents an interested party from challenging the ALJ's actions long after the ALJ's decision has been made. It found that excusable neglect could not justify the untimeliness of Morris Construction and Fireman's Fund's application for review.

The majority then observed that both Morris Construction and Fireman's Fund were actively involved in the case. It pointed out that K.S.A. 1996 Supp. 44-534a(a)(2) requires an ALJ to render a decision within 5 days from the conclusion of the preliminary hearing. Because Morris Construction and Fireman's Fund participated in the preliminary hearing, they were aware that the ALJ was required to make a decision shortly after the hearing. The majority noted that if Morris Construction and Fireman's Fund had made a timely inquiry after the preliminary hearing in this matter, they would have discovered that the ALJ had issued her order on January 31, 1997, and that the 10-day period under 44-551(b)(1) had commenced on February 1, 1997. The majority concluded that the responsibility to inquire into the deadline for filing an application for review was not so burdensome as to outweigh the increasing need for the expeditious judicial administration of workers compensation cases, and dismissed the appeal.

In his dissent, Judge Lewis noted that under the Workers Compensation Act, there is a 10-day period within which an application for review must be filed. If an application for review is not filed within 10 days of the date of the decision, no review may be allowed. He stated that it is axiomatic that one would be unable to file an application for the review of an order until such time as one had information that the order had been issued. He observed that it was the ALJ who had failed and neglected to notify the appellants of her written opinion. She had mailed a copy of that opinion to the wrong address. As a direct result, the appellants did not become aware of the ALJ's decision until more than 10 days after it was handed down. Judge Lewis pointed out that under the majority

opinion, the appellants will be denied a valuable legal right to seek review because they relied upon the administrative law judge to do her job and notify the appellants when the decision was filed.

After reviewing the unique circumstances doctrine and our prior decisions, Judge Lewis concluded that the appellants had lost their right to the review of a workers compensation decision because they were not notified of that decision by the administrative law judge in a timely manner. The appellants had every right to rely on the ALJ to advise the parties of her decision. Judge Lewis stated that to deprive the appellants of a review of that decision because of a mistake made by the writer of that decision was not his idea of justice. The petition for review in that case was filed within 10 days of the date the appellants learned of the ALJ's order. In line with *Schroeder*, *Slayden*, and *Sumner County*, Judge Lewis would hold the appeal was timely filed via the application of the unique circumstances doctrine and in the interest of justice. Judge Lewis concluded the trial court should be reversed and the matter remanded for further proceedings.

The appellants in the *Anderson* case have petitioned this court for review.

In this case, IBP submitted the case to the ALJ on May 22, 1996. Therefore, if the majority of the *Anderson* court is correct, Nguyen should have anticipated an award from the ALJ by June 22, 1996. The record indicates that on July 22, 1996, the Director of Workers Compensation appointed a special ALJ for the purpose of issuing the award. Although the statute provides for an immediate decision by the special ALJ, the term "immediate" is not defined in terms of a number of days. Allowing another 30 days for the newly appointed special ALJ to issue an award in this case, it would be reasonable for Nguyen to anticipate notice of an award by August 22, 1996. Nguyen received notice of the award on September 6, 1996. Does the passing of 3 months from submission of the case until notice of the ALJ's award preclude a finding that Nguyen exercised good faith and had a reasonable basis for remaining in anticipation of the award on September 6, 1996?

### Unique Circumstances

This court has recognized that an otherwise untimely filing may

be excused when "unique circumstances" are present. See *Slayden v. Sixta*, 250 Kan. 23, 26, 825 P.2d 119 (1992). The unique circumstances doctrine, as it has been applied in the context of an untimely appeal, provides:

> "In the interest of justice, an appeal which is otherwise untimely may be maintained in unique circumstances if (1) the appellant reasonably and in good faith relies upon judicial action seemingly extending the appeal period; (2) the court order purporting to extend the appeal time was for no more than 30 days and was made and entered prior to the expiration of the official appeal period; and (3) the appellant files a notice of appeal within the period apparently judicially extended." *Schroeder v. Urban*, 242 Kan. 710, Syl., 750 P.2d 405 (1988).

This court also cautioned that the unique circumstances doctrine is one of "specific and limited application." *In re Tax Appeal of Sumner County*, 261 Kan. 307, 316, 930 P.2d 1385 (1997). In fact, this court has applied the unique circumstances doctrine only where an untimely filing was the result of a nonparty error. See 261 Kan. at 317 (untimely filed petition for reconsideration excused where Board of Tax Appeals made erroneous statement with respect to filing period); *Slayden*, 250 Kan. at 30-31 (applying unique circumstances doctrine where 40-day delay in serving summons was caused by error of clerk of the district court); *Schroeder*, 242 Kan. at 713-14 (untimely filing of appeal excused where the district court purported to extend the appeal period). The unique circumstances doctrine was not applied in the United States District Court for the District of Kansas where the party alleged that a 6-year filing delay was caused by ongoing litigation collaterally related to the case. *Gray v. Phillips Petroleum Co.*, 998 F. Supp. 1221 (D. Kan. 1998).

Here, the filing delay was the direct result of an error made in the ALJ's office in addressing the award to Nguyen. This is precisely the kind of situation where the unique circumstances doctrine has been applied in Kansas to toll the time for filing for review of a case, and we could find it applicable in this case. However, the question to be resolved, the right of notice, should be determined without resort to a specific and limited application of the unique circumstances doctrine.

## Due Process

Nguyen relies on *Atkinson v. U.S.D. No. 383*, 235 Kan. 793, 684 P.2d 424 (1984), to support his position that, although the Workers Compensation Act has been held to be complete in itself and cannot be supplemented by the procedural statutes in Chapter 60 of the Kansas Code of Civil Procedure, United States and Kansas constitutional due process considerations are applicable.

The right to an appeal in this state is neither a vested nor constitutional right, but is strictly statutory in nature. It may be limited by the legislature to any class or classes of cases or in any manner, or it may be withdrawn completely. However, where the legislature has provided the right of an appeal, the minimum essential elements of due process of law in an appeal affecting a person's life, liberty, or property are notice and an opportunity to be heard at a meaningful time and in a meaningful manner. The reason to require notice to the party is to ensure that the party having the right to appeal has actual knowledge that an adverse judgment has been rendered. 235 Kan. 793, Syl. ¶ 4. To satisfy due process, notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *State v. Lewis*, 263 Kan. 843, Syl. ¶ 9, 953 P.2d 1016 (1998).

In *Atkinson,* the court found the 3-day mail rule of K.S.A. 60-206(e) applied where a school board provided notice to a teacher of termination by means of the mail. This court held the teacher had the 30-day appeal period plus 3 days, or 33 days in which to perfect an appeal to the district court.

IBP argues that *Atkinson* is inapplicable to this case because, unlike the statutes under consideration in *Atkinson,* which provided that the time for taking an appeal begins when the party having the right to appeal has received notice of the judgment, the Workers Compensation Act specifically provides that the time for taking an appeal commences when the award or order becomes effective, and the award becomes effective the day after it is issued. IBP also emphasizes this court's holding in *Continental Can*, 260 Kan. at 557, that the Workers Compensation Act is complete in

itself and may not be supplemented by the general procedural provisions of the Kansas Code of Civil Procedure, including statutes providing relief for excusable neglect and failure to learn of a judgment.

Although IBP correctly states that the Workers Compensation Act is complete in itself, it fails to recognize that due process is a United States and Kansas constitutional protection, and the procedures of the Workers Compensation Act must include procedures adequate to provide due process. In *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950), the United States Supreme Court noted that while the fundamental requisite of due process of law is the opportunity to be heard, this right has little reality or worth unless one is informed of the pending matter and can decide whether to participate. Notice should be more than a mere gesture; it should be reasonably calculated, depending upon the practicalities and peculiarities of the case, to apprise interested parties of the pending action and afford them an opportunity to present their case. 339 U.S. at 314-15.

IBP argues that the mere filing of the award by the ALJ is all that is required to commence the running of the time limit for filing an application for review. See K.S.A. 1996 Supp. 44-525(a). IBP is correct where the filing of the award is accompanied by notice to the parties. However, the filing of an award is not notice to the parties; it is the mailing of the award and receipt of the award by the parties that constitutes notice. Where, as in the usual case, the ALJ mails the award to the parties upon filing the award, the date after the filing is effective to commence the running of the time for filing an application for review. However, where the award is misaddressed to the extent the claimant fails to receive the award prior to the running of the time limitation, notice sufficient to satisfy due process has not been provided.

Clearly, incorrectly addressing Nguyen's award, with the result that Nguyen received the award well after the statutory time for filing an application for review, was not a method of notice which was reasonably calculated to apprise Nguyen of the decision and afford him an opportunity to present his objections. Nguyen filed his application for review within 3 days of receiving the award.

Under the circumstances, the Board erred in dismissing the case based on the running of the statutory time limit for filing.

### Evidentiary Issues

IBP contends that this court may not extend the filing date to Nguyen based on the evidence submitted to the Board in Nguyen's application for review: the misaddressed envelope and affidavits of Nguyen's secretary and of a United States postal employee. IBP argues the evidence is incompetent to extend jurisdiction because the respondent has not had the opportunity to examine the envelope or the affiants. This argument is premature. It is the function of the administrative hearing body to determine the weight or credibility of the testimony of witnesses as to this claim. *Boutwell v. Domino's Pizza*, 25 Kan. App. 2d 110, 113, 959 P.2d 469, *rev. denied* 265 Kan. 884 (1998).

The Board's dismissal of the case is reversed, and the matter is remanded for further proceedings.