No. 120,972

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER CHARLES MABERRY,
*Appellant*.

SYLLABUS BY THE COURT

1.

Supreme Court Rule 134(a) (2020 Kan. S. Ct. R. 200) provides that if the district court rules on a motion or other application when an affected party who has appeared in the action is not present—either in person or by the party's attorney—the court immediately must serve notice of the ruling.

2.

To satisfy the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Section 18 of the Kansas Constitution Bill of Rights, substantial compliance with Supreme Court Rule 134(a) is required before the time to file a notice of appeal begins to run on the denial of a motion to withdraw plea. As a result, a defendant is entitled to file an out-of-time appeal if the district court does not substantially comply with the service requirement set forth in Rule 134(a).

3.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution and Section 18 of the Kansas Constitution Bill of Rights do not require the district court to inform a defendant of the right to appeal and the statutory time limit to

1

appeal the denial of a motion to withdraw plea. As a result, a defendant is not entitled to an out-of-time appeal simply because the court failed to inform the defendant of his rights to appeal the denial of the motion.

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed May 22, 2020. Affirmed in part, vacated in part, and remanded with directions.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Natasha Esau*, assistant district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BUSER and BRUNS, JJ.

BUSER, J.:  After pleading guilty to aggravated escape from custody, Christopher Charles Maberry filed a pro se postsentencing motion to withdraw his plea. The district court summarily denied the motion. More than six months later, Maberry filed a motion to appeal out of time from the denial of his motion to withdraw plea. The district court also summarily denied this motion.

This is Maberry's appeal of the district court's order denying his motion to appeal out of time. He asserts the district court violated his right to due process in two ways: First, he was not informed the district court denied his motion to withdraw plea until after the statutory time to appeal had expired. Second, the district court failed to inform him of his appellate rights at the time the court denied Maberry's motion to withdraw plea.

Upon our review, we hold that Supreme Court Rule 134(a) (2020 Kan. S. Ct. R. 200) requires that if the district court rules on a motion or other application when an affected party who has appeared in the action is not present—either in person or by the party's attorney—the court immediately must serve notice of the ruling.

2

Moreover, to satisfy the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Section 18 of the Kansas Constitution Bill of Rights, we hold that substantial compliance with Supreme Court Rule 134(a) is required before the time to file a notice of appeal begins to run on the denial of a motion to withdraw plea. As a result, a defendant is entitled to file an out-of-time appeal if the district court does not substantially comply with the service requirement set forth in Rule 134(a).

Accordingly, we vacate the district court's summary dismissal and remand with directions to make findings regarding whether the district court substantially complied with Supreme Court Rule 134(a). Upon remand, if the district court determines that service of the court's order denying Maberry's motion to withdraw plea was not substantially complied with, the district court shall grant the motion to file an out-of-time appeal. On the other hand, if the district court determines that service of the court's order denying Maberry's motion to withdraw plea was substantially complied with, the district court shall reconsider its prior ruling, including, if appropriate, reinstating its prior ruling denying Maberry's motion to file an out-of-time appeal.

With regard to Maberry's second issue on appeal, we hold that because a criminal defendant does not have a statutory right to be informed of the right to appeal from a denial of a motion to withdraw plea, the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Section 18 of the Kansas Constitution Bill of Rights do not require that the district court inform the defendant of the right to appeal and the statutory time limit to appeal the denial of the motion. As a result, Maberry is not entitled to an out-of-time appeal simply because the district court failed to inform him of his rights to appeal the denial of the motion. Thus, we affirm the district court as to the second issue.

FACTUAL AND PROCEDURAL BACKGROUND

On January 5, 2018, the district court revoked Maberry's probation in several criminal cases, imposed the underlying sentences, and ordered him into custody. At the conclusion of the hearing, Maberry ran out of the courtroom. Maberry led officers on a foot chase throughout the courthouse until he encountered a locked door, whereupon he apologized to the officers and was arrested. The State charged Maberry with aggravated escape from custody, in violation of K.S.A. 2017 Supp. 21-5911(b)(1)(A).

At a plea hearing on this charge, the district court informed Maberry of the sentencing range for the crime, and Maberry said he understood the range of possible sentences. Maberry pled guilty as charged, stating, "[M]yself and the cameras in the court know I'm guilty. I'm guilty." The district court accepted Maberry's plea and found him guilty of aggravated escape from custody.

Prior to sentencing, Maberry filed a motion for a dispositional departure to probation. In the departure motion, Maberry noted that his mother was terminally ill, and she cried in the courtroom when his probation was revoked. In desperation, Maberry claimed that he ran from the courtroom afraid of never seeing his mother again.

At sentencing on May 11, 2018, Maberry asked "for the mercy of the courts" and told the district court, "I am really regrettably sorry for what I did." The district court, however, denied his departure motion and sentenced him to 19 months in prison. The district judge informed Maberry of his right to appeal the sentence, stating, "You can appeal this sentence by filing notice of appeal within 14 days in writing. If you can't afford an attorney we will appoint someone to represent you. You can talk to [your attorney]. If you want to appeal he'll file a notice of appeal for you." No appeal was filed.

On July 7, 2018, Maberry mailed our court a letter asking about an appeal in his criminal case. The Clerk of the Appellate Courts informed Maberry there was no appeal docketed in the case and no open appeals in his name. Maberry was referred to the district court to see if a notice of appeal had been filed.

On August 17, 2018, Maberry filed a pro se motion to withdraw his guilty plea in the district court. In the motion, Maberry argued that he was coerced into pleading guilty, and his defense counsel provided ineffective assistance—in particular, failing to file a presentencing motion to withdraw Maberry's plea at his request.

The district court summarily denied Maberry's motion on August 20, 2018. In its order, the district court stated: "The Defendant, on the record, showed the Court that his plea was knowing, intelligent and voluntary. He showed the Court that he [was] satisfied with the service of his attorney. His claim to the contrary at this point is not credible." Additionally, the district court found Maberry made "no claim[s] resembling an assertion of manifest injustice." Relevant to this appeal, the order did not advise Maberry of his right to appeal or the statutory time limit to appeal the district court's adverse ruling.

It does not appear from the record on appeal that the district court's order included a certificate of service or a cover letter indicating that the order was mailed to Maberry or to what address it was sent. At the bottom of the two-page order, however, was typewritten: "CC: Christopher Maberry." This is the only indication in the record that Maberry may have been provided with a copy of the district court's order denying his motion to withdraw plea.

On November 13, 2018—almost three months after the district court filed its order—Maberry handwrote a letter to the district court asking about the status of his motion to withdraw plea. In relevant part the letter read:

5

"I yet to this day have heard nothing back or have not received any Court dates that have been issued to me.

"Could you please get ahold of me to let me know if a possible Court date is assigned for the motion I had sent back in [August] 17th 2018[?]

. . . .

"I would highly appreciate [it if] this matter could be brought [forthwith] with an [evidentiary] hearing that could be placed in [due] time.

"This matter has been pushed on now for a period of time exceeding . . . three months now."

The record does not indicate if the district court replied to Maberry's letter.

On February 25, 2019, Maberry filed a pro se motion to appeal out of time. In the motion, Maberry asserted:

"Defendant was not transported to Court for an evidentiary hearing, not represented by counsel, [not] notified of the Court's denial until November 27, 2018, as well as his right to appeal the decision. As a result no appeal was timely filed. Mr. Maberry recently became aware that he has the right to appeal the Court's decision and wished to exercise his right to do so."

In response, the district court filed an order, dated February 26, 2019, summarily denying Maberry's motion to appeal out of time. In the order, the district court stated that "there is no rule requiring the Court to separately advise [Maberry] of the right to appeal" the denial of a motion to withdraw plea. The district court also indicated that Maberry failed

"to explain the delay between his acknowledgement of his receiving notice of the Court's August 20, 2018 decision which he says he received on November 27, 2018 and the filing of his Motion for Leave to Appeal Out of Time on February 25, 2019. That delay was obviously in excess of the 14 days that the Court informed him of at his sentencing."

6

Consequently, the district court ruled that Maberry did not allege sufficient facts to show the district court should excuse his failure to file a timely notice of appeal.

Maberry appeals the district court's denial of his motion to appeal out of time.

ANALYSIS

On appeal, Maberry contends the district court erred by denying his motion to file an appeal out of time. Maberry argues that due process of law entitles him to an out-of-time appeal for two reasons: First, the district court failed to notify him that it denied his motion to withdraw plea until after the time to appeal had expired. Second, the district court failed to inform him of his appellate rights upon the denial of his motion to withdraw plea. We will separately address the two arguments.

STANDARDS OF REVIEW AND BASIC STATUTORY AND CONSTITUTIONAL PRINCIPLES

At the outset, it is necessary to briefly summarize our standards of review and some basic statutory and constitutional principles relevant to this appeal. When the material facts underlying a district court's decision are not in dispute, we exercise unlimited review over the legal conclusion as to whether an exception applies to the requirement of a timely appeal. *State v. Smith*, 303 Kan. 673, 677, 366 P.3d 226 (2016). Likewise, the issue of whether due process has been afforded is a question of law subject to unlimited review. *Requena v. State*, 310 Kan. 105, 108, 444 P.3d 918 (2019).

"A defendant has a right to appeal from the denial of a motion to withdraw a plea." *State v. Hemphill*, 286 Kan. 583, 593, 186 P.3d 777 (2008). However, the right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. *State v. Rocheleau*, 307 Kan. 761, 763, 415 P.3d 422 (2018). Filing a timely notice of appeal is a prerequisite to appellate jurisdiction. *Smith*, 303 Kan. at 677. As a general

7

rule, the failure to file a notice of appeal before the statutory deadline requires dismissal of the appeal. *Albright v. State*, 292 Kan. 193, 197, 251 P.3d 52 (2011).

An appeal from the denial of a motion to withdraw plea must be filed within the time frame for criminal appeals found in K.S.A. 2019 Supp. 22-3608. *Hemphill*, 286 Kan. at 590. Under the current statute, a criminal defendant has 14 days from the entry of judgment to file a notice of appeal. K.S.A. 2019 Supp. 22-3608(c).

With regard to due process, the Fourteenth Amendment to the United States Constitution provides that no State "shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Additionally, Section 18 of the Kansas Constitution Bill of Rights states: "All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law." Historically, Kansas courts construe the due process protections of Section 18 to be the same as those guaranteed by the Fourteenth Amendment. *State v. Boysaw*, 309 Kan. 526, 537-38, 439 P.3d 909 (2019).

Finally, when a State provides the right to an appeal, the minimum essential elements of due process of law must be provided. *Evitts v. Lucey*, 469 U.S. 387, 393, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Johnson v. Brooks Plumbing, LLC*, 281 Kan. 1212, 1215, 135 P.3d 1203 (2006). Constitutional due process is a flexible concept in that the protections required vary depending upon the importance of the specific interests at stake. But the basic elements of procedural due process are notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *In re Care & Treatment of Ellison*, 305 Kan. 519, 526, 385 P.3d 15 (2016).

## DOES DUE PROCESS REQUIRE A DISTRICT COURT TO INFORM A DEFENDANT OF THE DENIAL OF A MOTION TO WITHDRAW PLEA?

Maberry asserts the district court erred by denying his out-of-time appeal because "the district court's failure to notify him of the adverse decision in his case violated due process."

When reviewing a due process claim, we first consider whether the government deprived a person of a protected liberty or property interest. If a protected liberty or property interest is implicated, we must then determine the nature and extent of the process that is due. *Village Villa v. Kansas Health Policy Authority*, 296 Kan. 315, 331, 291 P.3d 1056 (2013). Due process is flexible in that not all situations calling for procedural safeguards call for the same kind of procedure. See *In re Care & Treatment of Ellison*, 305 Kan. at 526.

Although the right to appeal is entirely statutory, "where the legislature has provided the right of an appeal, the minimum essential elements of due process of law in an appeal affecting a person's life, liberty, or property are notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Nguyen v. IBP, Inc.*, 266 Kan. 580, 588, 972 P.2d 747 (1999). "To satisfy due process, notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 266 Kan. at 588.

The plain language of Supreme Court Rule 134(a) (2020 Kan. S. Ct. R. 200) provides: "If the court rules on a motion or other application when an affected party who has appeared in the action is not present—either in person or by the party's attorney—the court immediately must serve notice of the ruling." Notice is required to ensure that the party with the right to appeal has actual knowledge that an adverse judgment has been rendered. *McDonald v. Hannigan*, 262 Kan. 156, 163, 936 P.2d 262 (1997).

Importantly, Kansas caselaw provides that the time for taking an appeal does not begin to run until the party entitled to appeal has received notice of the judgment in compliance with Supreme Court Rule 134. *McDonald*, 262 Kan. at 163-64. In particular, our Supreme Court has held that "[t]he time for filing post-judgment motions or taking an appeal from a final judgment entered without notice commences to run when there has been compliance with K.S.A. 60-258 and Rule No. 134." *Daniels v. Chaffee*, 230 Kan. 32, 38, 630 P.2d 1090 (1981). While K.S.A. 60-258 does not apply in criminal cases, see *State v. Moses*, 227 Kan. 400, 403, 607 P.2d 477 (1980), Rule 134 applies to both civil and criminal cases.

Since *Daniels*, Kansas courts have repeatedly stated that compliance with Rule 134 is required before the time to take an appeal begins to run. See, e.g., *McDonald*, 262 Kan. at 163-64; *JPMorgan Chase Bank v. Taylor*, No. 117,774, 2018 WL 2170210, at *4-5 (Kan. App. 2018) (unpublished opinion). Because Maberry was an affected party who was not present in court or represented by an attorney when the district court issued its ruling summarily denying his motion to withdraw plea, the time for taking an appeal would begin to run when Maberry was served with notice of the order.

Did the district court substantially comply with the requirement that it serve Maberry with notice of the ruling denying his motion to withdraw plea? Unfortunately, the record is insufficient for us to definitively answer this important question.

On the one hand, the order did not include a certificate of service or cover letter indicating that it was mailed to Maberry and, if so, where it was sent. Maberry's November 13, 2018 letter to the district court alleged that he had not heard about the district court setting the motion for a hearing and indicating displeasure at the delay. This suggests that if the order was sent, Maberry did not receive it. Moreover, there is no indication that the district court responded to this letter or provided Maberry with a copy of the order in response to his letter.

10

On the other hand, the order did have a "CC: Christopher Maberry" typed at the bottom of the order, and in Maberry's February 25, 2019 pro se motion to appeal out of time, he asserted that he was not "notified of the Court's denial until November 27, 2018." While Maberry acknowledges being notified of the order as of this late date, whether this notification came from the district court is unknown. The contents of this notice are also not described.

Under these circumstances, we are unable to determine whether the district court substantially complied with Supreme Court Rule 134(a). And without knowing whether the district court followed the rule's directive and immediately served notice of the ruling on Maberry, we are unable to conclude whether, in accordance with *Daniels* and its progeny, Maberry's due process right to notice and an opportunity to be heard has been violated. See *In re Care & Treatment of Ellison*, 305 Kan. at 526. In short, without findings of fact regarding whether the district court substantially complied with Supreme Court Rule 134(a), we are unable to conclude as a matter of law whether Maberry is entitled to file an out-of-time appeal. The lack of specific findings of fact on this important issue precludes meaningful appellate review and necessitates a remand to the district court. See *State v. Thurber*, 308 Kan. 140, 232, 420 P.3d 389 (2018).

Accordingly, we vacate the district court's summary dismissal of the motion to appeal out of time and remand with directions to make findings of fact regarding whether the district court substantially complied with Supreme Court Rule 134(a). Upon remand, if the district court determines that service of the court's order denying Maberry's motion to withdraw plea was not substantially complied with, the district court shall grant the motion to file an out-of-time appeal. On the other hand, if the district court determines that service of the court's order denying Maberry's motion to withdraw plea was substantially complied with, the district court shall reconsider its prior ruling, including, if appropriate, reinstating its prior ruling denying Maberry's motion to file an out-of-time appeal.

11

## DOES DUE PROCESS REQUIRE A DISTRICT COURT TO INFORM A DEFENDANT OF THE RIGHT TO APPEAL THE DENIAL OF A MOTION TO WITHDRAW PLEA?

On appeal, Maberry contends the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Section 18 of the Kansas Constitution Bill of Rights requires the district court to inform him of the right to appeal and the statutory time limit to appeal the denial of his motion to withdraw plea. Since the district court did not inform him of his appellate rights, Maberry claims he is entitled to an out-of-time appeal and the district court erred by denying his motion to file an appeal out of time.

In *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), our Supreme Court recognized three judicial exceptions to the general rule barring untimely direct appeals. The *Ortiz* exceptions provide that an untimely direct appeal will be allowed if the criminal defendant "'(1) was not informed of the right to appeal at sentencing or by counsel, (2) was indigent and not furnished counsel to perfect an appeal, or (3) was furnished counsel for that purpose who failed to perfect and complete an appeal.' [Citations omitted.]" *State v. Shelly*, 303 Kan. 1027, 1036, 371 P.3d 820 (2016) (quoting *Albright*, 292 Kan. at 198).

Following the *Ortiz* decision, our Supreme Court has elaborated on the concepts underlying the first *Ortiz* exception—not being informed of the right to appeal. See *State v. Patton*, 287 Kan. 200, 219-22, 195 P.3d 753 (2008). In *Patton*, our Supreme Court explained that three Kansas statutes provide procedural safeguards to a criminal defendant's rights to appeal. 287 Kan. at 219. First, K.S.A. 22-3210(a)(2) requires a judge to inform a felony defendant of the consequences of a guilty or nolo contendere plea, including waiver of the right to appeal any resulting conviction. Second, as interpreted by caselaw, K.S.A. 22-3424(f) requires a sentencing court to advise a defendant of the right to appeal and of the right of an indigent defendant to appeal *in forma pauperis*. Third,

K.S.A. 22-4505(a) requires a district court to inform a felony defendant of the right to appeal a conviction. In summary: "Due process is denied—and an out-of-time appeal may be permissible under the first *Ortiz* exception—if a district judge fails to abide by one of these statutes." *Patton*, 287 Kan. at 220.

The *Ortiz* exceptions to an untimely appeal, however, do not apply in the context of a motion to withdraw plea. *Hemphill*, 286 Kan. at 591-92. Our Supreme Court in *Hemphill* explained that the first *Ortiz* exception was created to comply with statutory requirements to inform a defendant of the right to appeal and a district court has no similar statutory obligation regarding the denial of a motion to withdraw a plea. *Hemphill*, 286 Kan. at 591-92. In addition to the first *Ortiz* exception:

> "The fundamental fairness principle underlying all three exceptions recognized in *Ortiz* and its progeny is based on the facts that the defendant's failure to timely appeal was the result of being deprived of a right to which he or she was entitled by law: the statutory right to be advised of the right to appeal; the statutory right to be provided an attorney to file an appeal; or the right to have the appointed attorney perform effectively in perfecting the appeal." *Guillory v. State*, 285 Kan. 223, 228, 170 P.3d 403 (2007).

Maberry argues that the first *Ortiz* exception applies, and the *Hemphill* court wrongly held that the *Ortiz* exceptions were inapplicable on an appeal of a motion to withdraw plea. Of course, we are duty bound to follow Kansas Supreme Court precedent unless there is some indication the court is departing from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). We find no indication that our Supreme Court is departing from its clearly stated precedent that the *Ortiz* exceptions are inapplicable on a motion to withdraw plea. Accordingly, we find that Maberry is not entitled to an out-of-time appeal under the *Ortiz* exceptions.

Next, Maberry claims that—independent of *Hemphill*—due process required the district court to inform Maberry of his right to appeal the denial of his motion to withdraw plea.

To establish a due process violation, Maberry must show that he was denied a specific procedural protection to which he is entitled. *Winston v. Kansas Dept. of SRS*, 274 Kan. 396, 409, 49 P.3d 1274 (2002). When considering the procedural protections required, we weigh:

> "'(1) the individual interest at stake; (2) the risk of erroneous deprivation of the interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and (3) the State's interest in the procedures used, including the fiscal and administrative burdens that any additional or substitute procedures would entail.'" *In re A.A.-F.*, 310 Kan. 125, 145, 444 P.3d 938 (2019) (quoting *In re J.D.C.*, 284 Kan. 155, 166-67, 159 P.3d 974 [2007]).

When considering the first factor—the individual interest at stake, we find this factor weighs against Maberry. The right to appeal is not found in the United States or Kansas Constitutions. *Rocheleau*, 307 Kan. at 763. Indeed, according to the United States Supreme Court, "a State is not obliged to provide any appeal at all for criminal defendants." *Ross v. Moffitt*, 417 U.S. 600, 606, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974). For this reason, courts have rejected claims that a trial court violated a criminal defendant's due process rights by failing to inform the defendant of the right to appeal a determination about the voluntariness of a plea. See, e.g., *Samuels v. Crickmar*, No. CV 113-084, 2014 WL 4463240, at *8-9 (S.D. Ga. 2014) (unpublished opinion).

In finding that a criminal defendant has no federal due process right to counsel when pursuing a discretionary appeal on direct review of a conviction, the United States Supreme Court in *Ross* noted the difference between a defendant's interests at trial and on appeal. 417 U.S. at 610-11. The court noted:

14

"[I]t is ordinarily the defendant, rather than the State, who initiates the appellate process, seeking not to fend off the efforts of the State's prosecutor but rather to overturn a finding of guilt made by a judge or a jury below. . . . This difference is significant for, while no one would agree that the State may simply dispense with the trial stage of proceedings without a criminal defendant's consent, it is clear that the State need not provide any appeal at all. The fact that an appeal has been provided does not automatically mean that a State then acts unfairly by refusing to provide counsel to indigent defendants at every stage of the way. [Citation omitted.]" 417 U.S. at 610-11.

Since postconviction relief is even further removed from the original criminal proceedings than discretionary direct review, the considerations in *Ross* apply with even more persuasive force when considering due process requirements for postconviction review. *Pennsylvania v. Finley*, 481 U.S. 551, 556, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987).

Regarding the second *In re A.A.-F.* factor, Maberry also argues that the risk of erroneous deprivation of a pro se defendant's rights to appellate review is significant. He reasons that when a motion to withdraw plea is summarily denied—as occurred in this case—the defendant is never appointed counsel who could advise the defendant of his or her appellate rights.

But contrary to Maberry's position, pro se litigants are not excused from the requirement to be aware of and follow rules of procedure, including filing a timely notice of appeal. *Guillory*, 285 Kan. at 229. In *Guillory*, our Supreme Court noted that after the district court summarily denied the defendant's pro se motion, "[t]he certificate of mailing shows that a copy of the decision was sent to Guillory at the El Dorado Correctional Facility." 285 Kan. at 223-24. Importantly, our Supreme Court considered whether fundamental fairness excused the K.S.A. 60-1507 movant's untimely appeal when the district court failed to inform Guillory of his appellate rights after summarily denying his motion. Because no statute required the district court to advise a K.S.A. 60-1507 movant

15

of his or her appellate rights, our Supreme Court did not excuse the movant's untimely appeal. 285 Kan. at 228-29.

Although *Guillory* involved a K.S.A. 60-1507 motion, many procedural aspects of K.S.A. 60-1507 proceedings are incorporated into postsentencing motions to withdraw a plea, including when appointment of counsel is required. *State v. Laughlin*, 310 Kan. 119, 122-23, 444 P.3d 910 (2019). As a result, "if there is no substantial question of law or triable issue of fact and the files and records conclusively show that the defendant is not entitled to relief on the motion, then there is no requirement that a hearing be held or that counsel be appointed." *State v. Jackson*, 255 Kan. 455, 461, 874 P.2d 1138 (1994). In Maberry's case, since the district court did not find a substantial issue of law or triable issue of fact in his motion to withdraw plea, Maberry's statutory right to counsel was not triggered. *Laughlin*, 310 Kan. at 123-24. Thus, like the movant in *Guillory*, provided Maberry was served with notice of the summary denial, he was required to comply with the statutory deadline to file a timely notice of appeal.

While we acknowledge that the third factor—the financial burden to the State—would be slight, upon balancing all three relevant factors stated in *In re A.A.-F.*, we hold that due process did not require the district court to inform Maberry of his right to appeal and the statutory time limit to appeal the denial of his motion to withdraw plea. When a defendant is not informed of appellate rights, fundamental fairness only excuses an untimely notice of appeal if the defendant had a statutory right to be advised of the right to appeal. See *Guillory*, 285 Kan. at 228. Because the district court was not required by Kansas law to advise Maberry of his rights to appeal the denial of his motion to withdraw plea, due process did not mandate that he was entitled to an out-of-time appeal simply because of the court's failure to inform him of his appellate rights. Thus, we affirm the district court as to the second issue.

Affirmed in part, vacated in part, and remanded with directions.