No. 95,668

JASON JOHNSON, *Appellee*, v. BROOKS PLUMBING, LLC, and NATIONWIDE MUTUAL INSURANCE COMPANY, *Appellants*.

(135 P.3d 1203)

Opinion filed June 9, 2006.

*Troy A. Unruh*, of Wilbert & Towner, PA, of Pittsburg, argued the cause and was on the brief for appellants.

*Timothy A. Short*, of Law Office of Timothy A. Short, of Pittsburg, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: This appeal requires interpretation and application of the statute governing timeliness of appeals to the Workers Compensation Board (Board).

Claimant Jason Johnson suffered a back injury at work. The decision of the administrative law judge (ALJ) responsible for the

case, which found failure to prove a task loss, was issued within a week after all evidence had been submitted; administrative law judges have 30 days to rule. See K.S.A. 44-523; *Nguyen v. IBP, Inc.*, 266 Kan. 580, 583, 972 P.2d 747 (1999) (30-day time limit directory only). A copy of the decision was mailed to Johnson's counsel's office but never arrived. Johnson's counsel learned of the decision on the last day permitted for filing of an appeal to the Board, May 24, 2005. This was too late for counsel to contact Johnson to authorize an appeal and then get it filed before the deadline. Johnson's application for Board review ultimately was filed on May 27, 2005.

The Board found that Johnson and his counsel had not received actual notice of the ALJ's decision and the date of the award; thus it considered the appeal on its merits and granted relief to Johnson. One Board member dissented. Johnson's employer, Brooks Plumbing, LLC, and its insurance carrier now challenge the Board's decision to reach the merits of the appeal, despite its late filing.

## Standard of Review

Although this court has said that "interpretation of a statute is a necessary and inherent function of an agency in its administration or application of that statute" and "the interpretation of a statute by an administrative agency charged with the responsibility of enforcing that statute is entitled to great judicial deference," *Mitchell v. Liberty Mut. Ins. Co.*, 271 Kan. 684, Syl. ¶ 4, 24 P.3d 711 (2001), the determination of an administrative body as to questions of law on undisputed facts is not conclusive. While persuasive, it is not binding on the courts. See, *e.g., Fieser v. Kansas State Bd. of Healing Arts*, 281 Kan. 268, 270-71, 130 P.3d 555 (2006); *Foos v. Terminix*, 277 Kan. 687, 692-93, 89 P.3d 546 (2004).

Resolution of this case requires statutory interpretation, as well as interpretation and application of our previous decision in *Nguyen*, 266 Kan. 580. In addition, the Board ruled that constitutional due process required it to address the merits of Johnson's appeal. This court's review over such questions of law is unlimited.

See, *e.g., Cooper v. Werholtz*, 277 Kan. 250, 252, 83 P.3d 1212 (2004); *Nguyen*, 266 Kan. at 583.

## Analysis

The right to appeal is purely statutory. Furthermore,

" 'the Work[ers] Compensation Act undertook to cover every phase of the right to compensation and of the procedure for obtaining it, which is substantial, complete and exclusive, and we must look to the procedure of the act for the methods of its administration. Rules and methods provided by the code of civil procedure not included in the act itself are not available in determining rights thereunder. [Citation omitted.]'

"Such a result is consistent with the rule that where a statute provides for an appeal, the appeal is governed by that statute rather than general statutes concerning the right to an appeal." *Jones v. Continental Can Co.*, 260 Kan. 547, 557, 920 P.2d 939 (1996) (citing *Clay Township v. Pebley*, 207 Kan. 59, 64, 483 P.2d 1101 [1971]).

The right to seek review of findings and awards by an ALJ, and the procedures governing such appeals, are contained in K.S.A. 2005 Supp. 44-551(b)(1), which states in pertinent part:

"All final orders, awards, modifications of awards, or preliminary awards under K.S.A. 44-534a and amendments thereto made by an administrative law judge shall be subject to review by the board upon written request of any interested party within 10 days. Intermediate Saturdays, Sundays and legal holidays shall be excluded in the time computation. Review by the board shall be a prerequisite to judicial review as provided for in K.S.A. 44-556 and amendments thereto."

For purposes of calculating the finality of the award, the Workers Compensation Act states that "[t]he award of the administrative law judge shall be effective the day following the date noted in the award." K.S.A. 44-525(a). The award in this case was issued on May 9, 2005. It therefore became effective on May 10. Johnson had 10 business days from May 10, 2005, *i.e.*, until May 24, 2005, to file a timely appeal.

Brooks Plumbing and its insurer argue that the 10-day time limit of K.S.A. 2005 Supp. 44-551 is jurisdictional. Johnson argues that this court has nevertheless previously allowed appeals out of time when due process or the doctrine of unique circumstances demanded it.

As stated above, the right to an appeal in this state is neither a vested nor constitutional right, but is strictly statutory in nature. It may be limited by the legislature to any class or classes of cases, or in any manner, or it may be withdrawn completely. *Nguyen,* 266 Kan. at 588. When the legislature has provided the right to an appeal, however, the minimum essential elements of due process of law are required to be provided. *Nguyen,* 266 Kan. at 588.

Although certain portions of the Workers Compensation Act specify methods for providing notice of particular events, the Act is silent on the method to be employed for notice of an ALJ's award. See K.S.A. 44-520 (employee must provide "notice" of injury to employer in order to proceed with claim; no method specified); K.S.A. 44-534 (ALJ "shall proceed, upon due and reasonable notice to the parties, which shall not be less than 20 days, to hear all evidence"; no method specified); but see K.S.A. 44-520a (claim for compensation must be "served upon the employer by delivering such written claim to him or his duly authorized agent, or by delivering such written claim to him by registered or certified mail"); K.S.A. 44-534 (upon claimant's application for hearing, director must mail certified copy of application to the adverse party). Because no method of notice is specified in K.S.A. 2005 Supp. 44-551, this court may impose only those requirements necessary to ensure due process.

To satisfy due process, notice must be reasonably calculated, under all of the circumstances, to apprise the interested parties of the pendency of an action and to afford the parties an opportunity to present any objections. *Mullane v. Central Hanover Tr. Co.,* 339 U.S. 306, 314-15, 94 L. Ed. 865, 70 S. Ct. 652 (1950); *Nguyen,* 266 Kan. at 588.

The doctrine of unique circumstances, unlike due process, is a creature of common rather than constitutional law. This court adopted the doctrine in *Schroeder v. Urban,* 242 Kan. 710, 750 P.2d 405 (1988). The *Schroeder* court held that, in the interests of justice, an otherwise untimely appeal may be maintained if (1) an appellant reasonably and in good faith relies upon judicial action seemingly extending the appeal period; (2) the court order purporting to extend the appeal time is for no more than 30 days and

is made and entered before expiration of the official appeal period; and (3) the appellant files a notice of appeal within the period apparently judicially extended. 242 Kan. at 713-14 (party had statutory 30 days to appeal; judge extended time during journalized conference call with both parties; filing after original 30 days but within extension granted held timely under doctrine). The United States Supreme Court also has concluded that a party ought not be denied an opportunity to appeal because of failure to file a timely appeal, when that failure resulted from reliance on action taken by a district court generating a reasonable belief that a later appeal would be acceptable. See *Harris Lines v. Cherry Meat Packers*, 371 U.S. 215, 217, 9 L. Ed. 2d 261, 83 S. Ct. 283 (1962).

Our earlier decision in *Nguyen*, 266 Kan. 580, addressed both due process concerns and the unique circumstances doctrine in related circumstances. We thus turn to it for guidance in this case.

Claimant Hong Van Nguyen sustained a work-related injury on or about March 2, 1993. On July 29, 1996, the ALJ on the case mailed a copy of the award by United States first class mail to Nguyen's attorney at his address in Emporia. However, the ALJ mistakenly used the zip code for Topeka. After "circuitous routing," postal authorities finally delivered a copy of the award to Nguyen's attorney on September 6, 1996. The attorney sought review by the Board 3 days later.

The Board dismissed the appeal as untimely. Nguyen appealed the dismissal, invoking due process and the unique circumstances doctrine.

The *Nguyen* court stated that "[t]he single issue [was] whether the ALJ's error in addressing Nguyen's notice of award, which delayed Nguyen's receipt of the award until after the 10-day period for filing an application for review had expired, tolled the time for filing an application for review." 266 Kan. at 581. The *Nguyen* opinion concluded the time had been tolled, noting that "the filing of an award is not notice to the parties; it is the mailing of the award *and receipt* of the award by the parties that constitutes notice." (Emphasis added.) 266 Kan. at 589.

Although there is nothing in the record of this case to show that the ALJ who issued Johnson's award made an error in Johnson's

counsel's address, as the ALJ did in Nguyen's counsel's address, it is undisputed that Johnson's counsel received no actual notice of the date of the ALJ decision until the 10-day appeal time had effectively expired. It is also undisputed that Johnson's counsel had no reason to suspect that the ALJ's decision must have been issued before May 24, given the 30-day merely directory time limit imposed for a decision from the ALJ.

Under these circumstances, we choose to follow *Nguyen's* due process ruling, holding that the lack of actual receipt of notice by Johnson's counsel tolled the statutory 10-day limit. We acknowledge that the "reasonably calculated" language of the due process notice standard appears objective rather than subjective. But requiring something less than receipt of actual notice in these particular circumstances would result in a gross injustice to a blameless litigant. This is particularly true where the mere passage of time could not have placed the claimant or counsel on constructive notice that the award should have been issued. In this regard, Johnson is even *more* blameless than Nguyen. We also are not persuaded that workers compensation claimants and their counsel will routinely misrepresent the arrival dates of mailed ALJ awards. Counsel, in particular, as officers of the court, have a responsibility to be candid about this and all other facts. See Kansas Rules of Professional Conduct, KRPC 3.3 (2005 Kan. Ct. R. Annot. 462) (candor); KRPC 3.1 (2005 Kan. Ct. R. Annot. 455) (meritorious claims).

Given this due process ruling, we need not reach the issue of whether application of the doctrine of unique circumstances is appropriate in this case.

The Workers Compensation Board is affirmed.