(251 P.3d 92)
No. 103,714

ROZANNE M. SILER, *Appellant*, v. SHAWNEE MISSION SCHOOL DISTRICT, USD 512, and THOMAS McGEE, *Appellees*.

Opinion filed April 1, 2011.

*James E. Martin*, of Law Offices of James E. Martin, Chartered, of Overland Park, for appellant.

*Douglas M. Greenwald* and *Frederick J. Greenbaum*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellees.

Before MALONE, P.J., MARQUARDT and LEBEN, JJ.

MARQUARDT, J.: Rozanne M. Siler appeals from an order of the Workers Compensation Board (Board) finding that an administrative law judge (ALJ) had jurisdiction to issue a preliminary order denying her future psychotherapy treatment. Shawnee Mission School District (U.S.D. 512) argues that the ALJ's preliminary order was not a final order and this court does not have jurisdiction to hear her appeal. We agree and dismiss the appeal.

Siler, a teacher for U.S.D. 512, was struck by lightning on August 30, 2001, as she was walking students to cars during a thunderstorm. Siler suffered injuries including herniated disks and pain along her right side. On January 21, 2003, the parties designated Dr. Blake Wendelburg and his associates at the Midwest Pain Management & Diagnostics Center as Siler's authorized treating physicians along with any referrals Dr. Wendelburg deemed necessary for her treatment. Dr. Wendelburg referred Siler to Dr. Ashcraft for pain treatment and Dr. Sabapathy for psychotherapy.

A settlement hearing was held on September 6, 2007, at which Siler agreed to accept $50,000 in settlement of all her claims except her right to future medical treatment. The ALJ stated at the settlement hearing that Siler's future medical treatment would "remain open upon proper application to the director unless the parties otherwise agree."

U.S.D. 512 paid Siler's medical bills for approximately 7 years until it requested an independent psychiatric evaluation of Siler's condition. The psychiatric examination was performed on February 24, 2009, by Dr. Patrick L. Hughes. Dr. Hughes determined that Siler had learned "biofeedback and self relaxation techniques that

are helpful for patients with chronic pain, so [she] is in no need of further therapy sessions to utilize those techniques." Dr. Hughes concluded:

"Long term psychotherapy is at best fruitless, and at worst, counter therapeutic for patient's [sic] who's [sic] primary problem is a Histronic Personality Disorder or somatizing/ chronic subjective pain, so she needs no further such therapy for any psychiatric sequellae of her August 2001 lighting injuries. However, given her now significant dependence on Dr. Sabapathy, it would be medically and ethically appropriate to authorize three more 'termination of therapy' sessions for the patient with Dr. Sabapathy, after she finishers her 8 therapy session course of 'desensitization' therapy. Should Mrs. Siler want to continue in long term psychotherapy with Dr. Sabapathy after the desensitization sessions, that of course is certainly her right as an American patient, but the need for any further long term therapy with Dr. Sabapathy beyond that point cannot be attributed in any medically credible way to the psychiatric effects of her August 2001 lightening strike at her former workplace."

On March 30, 2009, U.S.D. 512 sent a "seven-day demand/notice of intent" to discontinue Siler's psychotherapy because the ongoing treatment "is not related to the accident and goes beyond reasonable and necessary treatment." On April 14, 2009, U.S.D. 512 filed an application for a preliminary hearing on its intent to discontinue Siler's psychotherapy. Dr. Hughes' report was attached to the application. Siler objected to the ALJ using a preliminary hearing to evaluate her need for future psychotherapy.

Notwithstanding Siler's objection, a preliminary hearing was held on August 17, 2009. At the hearing, 415 pages of Siler's medical records were entered into the record. Siler and her husband both testified at the hearing. The ALJ entered a preliminary order requiring Dr. Sabapathy to "follow Dr. Hughes' recommended treatment plan" for discontinuing Siler's psychotherapy. The ALJ filed a written preliminary order on August 19, 2009, reiterating its findings of August 17 and stating that long-term psychotherapy would no longer benefit Siler.

In support of the ALJ's preliminary order, U.S.D. 512 cited *Folk v. Haldex Brake Systems*, Workers Compensation Board Docket Nos. 528,343 & 1,011,042, filed November 2006, in which a preliminary hearing was used to terminate or alter an award that left open future medical care.

On August 20, 2009, Siler requested the Board's review of the ALJ's preliminary order. Siler questioned "[w]hether the administrative law judge had the authority to proceed . . . to terminate or amend medical care following the entry of an Award." The decision of the ALJ was reviewed by one Board member as statutorily provided. See K.S.A. 2010 Supp. 44-551(i)(2)(A). The Board member's decision of December 21, 2009, found:

> "The preliminary hearing procedure utilized by the ALJ in this instance is appropriate. Additionally, the decision of the ALJ is within her jurisdiction and authority and, thus, not reviewable by the Board at this time. The Preliminary Decision of the ALJ remains in full force and effect and the appeal of the claimant is dismissed."

Siler timely appeals.

The only issue Siler raises in her brief to the court is:

> "What is the proper procedure, if one exists in this case, to change medical providers after a workers' [sic] compensation claim has been settled pursuant to K.S.A. 44-531 and K.A.R. 51-3-1(d) with specific provisions for specific medical providers."

Siler's issue involves questions of fact and law. The question of fact is whether the ALJ changed the terms of Siler's final award on the issue of all future medical payments. The issues of law involve interpretation and application of K.S.A. 44-531, K.S.A. 44-534a, and K.A.R. 51-3-1(d).

Siler argues that the settlement agreement and 2007 stipulated order provided her with a right to continued medical treatment prescribed by Dr. Wendelburg. It is true that Dr. Wendelburg was her authorized treating physician; however, the agreement and order are silent on what medical treatment was authorized. Siler argues that K.A.R. 51-3-1 provides when an award may be terminated and the ALJ improperly terminated her award. What was agreed to in the settlement award was Siler's total compensation for her lifelong injury. Siler overlooks the ALJ's statement at the hearing concerning her future medical treatment: "The right to future medical treatment will remain open upon proper application to the director unless the parties otherwise agree." The provisions

of K.A.R. 51-3-1 are not applicable here because the ALJ did not terminate any part of Siler's final award.

Siler next argues that the ALJ improperly modified her final award and K.S.A. 44-528, not K.S.A. 44-532a, is the statute that allows modification of an award. Under K.S.A. 44-528, a modification of a final award is appropriate when the condition of an injured employee improves or deteriorates after a hearing and award.

In *Nance v. Harvey County*, 263 Kan. 542, 545-46, 962 P.2d 411 (1997), the injured worker filed a petition with the ALJ claiming that his condition had deteriorated from a 3.5% permanent partial functional impairment to a 50% partial general body disability and increased his total award. 263 Kan. at 553-54. Our Supreme Court held that Nance's deteriorating condition warranted a modification of the final award. The facts in *Nance* are markedly different from Siler's case. U.S.D. 512 is not contesting the severity of Siler's total disability; that was settled at the time the $50,000 lump sum settlement was paid to Siler. U.S.D. 512 is contesting whether the lightning strike caused Siler's need for additional psychotherapy. Dr. Hughes found that it did not, and the ALJ agreed. When future medical payments are left open in a worker's compensation settlement award, an ALJ's order under K.S.A. 44-534a regarding those payments is not a termination or modification of the award.

An ALJ's jurisdiction to issue a preliminary order involves the interpretation of K.S.A. 44-534a. This court has unlimited review over statutory interpretation. *Johnson v. Brooks Plumbing*, 281 Kan. 1212, 1213-14, 135 P.3d 1203 (2006).

K.S.A. 44-534a(a)(1) provides: "After an application for a hearing . . . the employee or the employer may make application for a preliminary hearing, in such form as the director may require, on the issues of the furnishing of medical treatment." A workers compensation final settlement award that leaves open the issue of future medical treatment is not a final settlement on that issue. U.S.D. 512 had the right to question Siler's future medical payments under K.S.A. 44-534a. K.S.A. 44-534a is the only statute that covers disputes regarding future medical treatment. Therefore, the

ALJ had jurisdiction to determine whether continued treatment by Dr. Sabapathy was appropriate.

K.S.A. 44-534a(a)(2) provides: "Except as provided in this section, no such preliminary findings or preliminary awards shall be appealable by any party to the proceedings, and the same shall not be binding in a full hearing on the claim, but shall be subject to a full presentation of the facts." K.S.A. 2010 Supp. 44-551(i)(2)(A) provides that after an ALJ has entered a preliminary order under K.S.A. 44-534a, the Board does not have jurisdiction to review that order unless the ALJ exceeded his or her jurisdiction. Therefore, the Board in this case did not err when it determined that it did not have jurisdiction to review the ALJ's preliminary order. Consequently, this court does not have jurisdiction to review a decision of the Board when the Board did not have jurisdiction.

Finally, Siler still has the right to seek future medical treatment. In 2004, while the stipulated order was in effect, the ALJ issued a preliminary order extending Dr. Sabapathy's treatment for an additional 90 days over the objection of U.S.D. 512. If Siler believes a course of treatment would be beneficial, she may seek her own preliminary order authorizing treatment. Because she is still able to seek treatment, the ALJ's preliminary order is not a termination of her right to seek treatment.

The ALJ did not terminate any portion of Siler's final award. The ALJ is authorized to issue a preliminary order on the issue of future medical treatment and correctly exercised jurisdiction under K.S.A. 44-534a. Also, under K.S.A. 44-534a, this court does not have jurisdiction to review the Board's decision of an ALJ's preliminary order.

Appeal dismissed.