NOT DESIGNATED FOR PUBLICATION

No. 114,600

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

AMY JO BREEDLOVE,
as Personal Representative for the Estate of
DONALD RAY BREEDLOVE, and DONALD BREEDLOVE,
*Appellant*,

v.

RICHARDSON HAULING, INC., HUTCH TRUCKING & EXCAVATING,
CLARKSON CONSTRUCTION CO.,
and
ACIG INSURANCE COMPANY
and
GENERAL CASUALTY,
and the
KANSAS WORKERS COMPENSATION FUND,
*Appellees*.

MEMORANDUM OPINION

Appeal from Workers Compensation Board. Opinion filed September 30, 2016. Affirmed.

*James R. Shetlar*, of Overland Park, for appellant.

*Kendra M. Oakes*, of McAnany Van Cleave & Phillips, P.A., of Kansas City, for appellees
Richardson Hauling, Inc., and Clarkson Construction Co.

Before PIERRON, P.J., GREEN and BUSER, JJ.

*Per Curiam*:  Donald Ray Breedlove died while his workers compensation claim
against Hutch Trucking & Excavating (Hutch Trucking), Richardson Hauling, Inc.
(Richardson Hauling), Clarkson Construction Co. (Clarkson Construction), and the

1

Kansas Workers Compensation Fund (Fund) was pending. Amy Jo Breedlove, the personal representative of Donald's estate, appeals from the Workers Compensation Board's (Board) determination, affirming the Administrative Law Judge's (ALJ) decision that Donald's claim was time-barred under K.S.A. 2007 Supp. 44-523(f) for lack of prosecution. On appeal, Amy Jo argues that Donald's claim is not time-barred because (1) the 5-year time limit to prosecute a claim under K.S.A. 2007 Supp. 44-523(f) starts to run against each employer based on the date the application for hearing naming that employer was filed; and (2) the 5-year time limit to prosecute a claim under K.S.A. 2007 Supp. 44-523(f) restarts upon the filing of an amended application for hearing. Nevertheless, each of Amy Jo's arguments are incorrect. Accordingly, we affirm.

On April 10, 2008, Donald stepped on a nail at his job site. Donald worked for Hutch Trucking. Nevertheless, because his job site was a construction zone, there were many different construction companies located at the site that day, including Hutch Trucking, Richardson Hauling, and Clarkson Construction.

On June 12, 2009, Donald filed two separate applications for hearing with the Division of Workers Compensation (Division) claiming that his accident with the nail resulted in permanent and total disability. The first application was against Hutch Trucking, and the second application was against Richardson Hauling as a statutory employer under K.S.A. 44-503(a). Since his injury resulted from one incident, Donald requested that his applications against Hutch Trucking and Richardson Hauling be treated as one case. The Division complied with this request.

On February 24, 2010, Donald filed an amended application for hearing. In this amended application, Donald stated that Clarkson Construction was also a statutory employer under K.S.A. 44-503(a).

On March 29, 2013, Donald died.

On April 3, 2013, Donald's attorney, James R. Shetlar, moved to implead the Fund. In this motion, James gave notice that he was impleading the Commissioner of Insurance as the custodian of the Fund under K.S.A. 2015 Supp. 44-566a(c)(1) because he had discovered that Hutch Trucking failed to maintain workers compensation insurance. Accordingly, James alleged that Hutch Trucking could not pay any eventual award.

On April 29, 2014, over a year after Donald's death, James moved to add Amy Jo as a party to the claim in her capacity as the personal representative of Donald's estate. Amy Jo followed up by filing a suggestion of Donald's death on August 20, 2014.

On February 24, 2015, James and the attorneys for Richardson Hauling and Clarkson Construction held a meeting. At that meeting, the attorneys for Richardson Hauling and Clarkson Construction told James that they intended to move to dismiss for lack of prosecution because Donald's claim had not "proceeded to final hearing, a settlement hearing, or an agreed award" within 5 years as required under K.S.A. 2007 Supp. 44-523(f).

Later that same day, at 6:51 p.m., James fax filed a motion for extension of time to prosecute under K.S.A. 2007 Supp. 44-523(f). The Division's file stamp stated that it received the motion on February 25, 2015. In the motion, James asserted there was good cause for an extension of time because:

> "Claimant has received additional medical treatment. Claimant filed an Amended Application for Hearing on February 25 [*sic*], 2010. Claimant filed Amended Impleading the Kansas Workers' Compensation Fund on or about April 3, 2013.

3

"Claimant died on March 3 [*sic*], 2013. Suggestion of Death [was] filed by John Boyd in the Missouri companion case on or about April 10, 2014. Suggestion of Death was filed in the Kansas case on or about August 14 [*sic*], 2014.

"Letters of Administration were issued by the Circuit Court of Henry County, Missouri, on April 14, 2014. A Motion to Add or Substitute [Amy] Jo Breedlove as Personal Representative for the Estate of Donald Ray Breedlove was filed in this case on or about April 22 [*sic*], 2014.

"A Prehearing Settlement Conference was held on November 18, 2013."

On March 4, 2015, Richardson Hauling moved to dismiss Donald's claim for lack of prosecution because more than 5 years had passed since Donald filed his initial applications for hearing on June 12, 2009. Richardson Hauling asserted that dismissal was required under the plain language of K.S.A. 2007 Supp. 44-523(f), which states in part: "Any claim that has not proceeded to final hearing, a settlement hearing, or an agreed award under the workers compensation act within 5 years from the date of filing an application for hearing pursuant to K.S.A. 44-534, and amendments thereto, shall be dismissed for lack of prosecution." On March 9, 2015, Clarkson Construction also moved to dismiss Donald's claim for lack of prosecution under K.S.A. 2007 Supp. 44-523(f).

On June 8, 2015, the ALJ held a hearing on Richardson Hauling's and Clarkson Construction's motions to dismiss. Both companies were now represented by the same attorney. At the hearing, Amy Jo argued that she had timely moved for an extension of time when she filed the motion within 5 years of Donald's February 24, 2010, amended application for hearing listing Clarkson Construction as a statutory employer. Amy Jo also asserted that although the motion for extension of time was file stamped by the Division on February 25, 2015, it was actually filed on February 24, 2015, because she had fax filed it on February 24, 2015, at 6:51 p.m.

4

Richardson Hauling and Clarkson Construction responded that under the plain language of K.S.A. 2007 Supp. 44-523(f), the 5-year time limit started running when Donald filed an application for hearing, not the date he filed an amended application for hearing or any other motion. The Fund, which appeared at this hearing, concurred with Richardson Hauling and Clarkson Construction's argument.

The ALJ agreed with Richardson Hauling and Clarkson Construction, dismissing Donald's claim for lack of prosecution because more than 5 years had passed since Donald's June 12, 2009, applications for hearing. The ALJ explicitly rejected Amy Jo's arguments that the February 24, 2010, amended application for hearing restarted the 5-year time limit to prosecute under K.S.A. 2007 Supp. 44-523(f).

On July 2, 2015, Amy Jo applied for review before the Board. Amy Jo again argued that the 5-year time limit under K.S.A. 2007 Supp. 44-523(f) started to run from the date Donald filed the amended application for hearing. Amy Jo argued that she timely moved for extension of time, stating:

> "Any extension for time filed by February 25, 2015 would be within the five year time period under the statute. Although it was stamped on the 25th [of February], the Extension for Time here was fax filed to the division on February 24, 2015 – within the five year time period. Therefore, the claim should not be dismissed for an untimely filing of a Motion for Extension of Time."

Finally, Amy Jo explained that there was good cause for an extension of time because after Donald died in March 2013, "[t]here was a need to administer the estate and determine a personal representative to add or substitute in the claim."

Richardson Hauling and Clarkson Construction jointly responded that the Board should affirm the ALJ's ruling because more than 5 years had passed from the date that Donald filed his applications for hearing on June 12, 2009, to the date that Amy Jo

5

moved for extension of time on February 25, 2015. Richardson Hauling and Clarkson Construction argued that under the plain language of K.S.A. 2007 Supp. 44-523(f), it was clear that the 5-year time limit started running when the claimant filed the initial application for hearing, and this time was not tolled or restarted by later amendments or motions. Regarding Amy Jo's argument that she moved for extension of time on February 24, 2015, because it was faxed to the Division at 6:51 p.m. on February 24, 2015, Richardson Hauling and Clarkson Constriction pointed out that K.A.R. 51-17-2(g)(6) states that motions faxed after 5 p.m. are deemed filed the next day.

The Board affirmed the ALJ's ruling. The Board "reject[ed] claimant's argument that the filing of an Amended Application for Hearing adding a new respondent somehow extend[ed] the time limit against the parties named in the original Applications." The Board further rejected Amy Jo's argument that she moved for an extension of time on February 24, 2015, because K.A.R. 51-17-2(g)(6) states that motions fax filed after 5 p.m. are considered to be filed the next day. Then, the Board held that even if an amendment restarted the 5-year time limit, Donald's claim was time-barred. The Board explained that because Donald filed the amended application for hearing on February 24, 2010, and Amy Jo moved for extension of time on February 25, 2015, 5 years and 1 day passed between the renewed 5-year time period and Amy Jo's request for an extension. Moreover, the Board refused to consider whether the administration of Donald's estate constituted good cause for an extension of time since Amy Jo's motion was untimely.

Amy Jo timely filed a petition for judicial review. Although this court sent the Fund two notices that it would waive its right to file a brief if it did not do so immediately, the Fund never filed a brief.

6

*Did the Workers Compensation Board Err by Affirming the Administrative Law Judge's Decision to Dismiss Donald's Claim?*

On appeal, Amy Jo divides her arguments into two parts. First, Amy Jo argues that the 5-year time limit under K.S.A. 2007 Supp. 44-523(f) starts to run against each employer when the application for hearing naming that employer was filed. Under Amy Jo's interpretation, this means that the cut-off date for the 5-year time limit to prosecute Donald's claim against Clarkson Construction and the Fund is different than the cut-off date for the 5-year time period to prosecute Donald's claim against Hutch Trucking and Richardson Hauling.

Then, Amy Jo asserts that she timely moved for extension of time as to the Fund because Donald moved to implead the Fund less than 2 years before Richardson Hauling and Clarkson Construction moved to dismiss for lack of prosecution. Amy Jo also asserts that she timely moved for extension of time as to Clarkson Construction because the application for hearing naming Clarkson Construction was filed exactly 5 years before she moved for extension of time. Amy Jo contends that the Board errantly included the date the amended application was filed in its calculation in violation of K.S.A. 60-206(a).

Second, Amy Jo takes her first argument even further, asserting that each new filing in a workers compensation case restarts the 5-year time limit under K.S.A. 2007 Supp. 44-523(f). Under Amy Jo's interpretation, this means even Donald's claim against Richardson Hauling and Hutch Trucking is not barred because the amended application for hearing adding Clarkson Construction as a statutory employer restarted the 5-year time limit as to all employers.

Richardson Hauling and Clarkson Construction respond by asserting that the Board correctly affirmed the ALJ because the plain language of K.S.A. 2007 Supp. 44-523(f) requires that the 5-year time limit start running when claimants file the initial

7

application for hearing, not any other date. Richardson Hauling and Clarkson Construction emphasize that Donald has a single claim stemming from his single injury, not multiple claims based on the number of potentially liable employers. Moreover, Richardson Hauling and Clarkson Construction contend that Amy Jo's argument about the application of K.S.A. 60-206(a) is incorrect.

*Standard of Review*

An appellate court reviews appeals from the Board under the Kansas Judicial Review Act (KJRA). *Welty v. U.S.D. No. 259*, 48 Kan. App. 2d 797, 799, 302 P.3d 1080 (2012). The KJRA permits this court to grant relief when the Board has erred in interpreting or applying the law. *Welty*, 48 Kan. App. 2d at 799. Moreover, "[t]he interpretation of statutory provisions in the Workers Compensation Act is a question of law over which this court has unlimited review." *Bergstrom v. Spears Manufacturing Co.*, 289 Kan. 605, 607, 214 P.3d 676 (2009).

*Applicable Version of K.S.A. 44-523(f)*

The legislature enacted K.S.A. 44-523(f) in 2006. As explained in Amy Jo's appellate brief, the legislature enacted K.S.A. 44-523(f) to create a way for the Division to dismiss claims that were abandoned by claimants but never formerly dismissed. See also *Welty*, 48 Kan. App. 2d at 800 (explaining that K.S.A. 2006 Supp. 44-523[f] provides a way for the Division "to cleanse its house of stale claims").

Since Donald's injury in 2008, however, K.S.A. 44-523(f) has been revised. This revision includes changing the time limit for lack of prosecution from 5 years to 3 years. See K.S.A. 2015 Supp. 44-523(f)(1). Nevertheless, all parties agree that the prior version of the statute and the 5-year time limit applies.

8

This conclusion is supported by this court's decision in *Welty*. In *Welty*, this court held that a workers compensation claimant's right to compensation accrues as of the date of injury. 48 Kan. App. 2d at 802. Again, Donald was injured on April 10, 2008, meaning the statutes in effect when he was injured were the 2007 laws.

K.S.A. 2007 Supp. 44-523(f), the applicable statute in this case, states:

"Any claim that has not proceeded to final hearing, a settlement hearing, or an agreed award under the workers compensation act within five years from the date of filing an application for hearing . . . shall be dismissed by the administrative law judge for lack of prosecution. The administrative law judge may grant an extension for good cause shown, which shall be conclusively presumed in the event that that claimant has not reached maximum medical improvement, provided such motion to extend is filed prior to the five year limitation provided for herein. This section shall not affect any future benefits which have been left open upon proper application by an award or settlement."

*Plain Language of K.S.A. 2007 Supp. 44-523(f)*

Both parties argue that the plain language of K.S.A. 2007 Supp. 44-523(f) supports their respective positions. Moreover, neither party has cited any appellate caselaw to support their interpretations of the plain meaning of K.S.A. 2007 Supp. 44-523(f). The parties' failure to cite any caselaw is certainly due in part to the fact that no caselaw on this exact issue concerning K.S.A. 2007 Supp. 44-523(f) exists. Regardless, the plain language of K.S.A. 2007 Supp. 44-523(f) cannot support both parties' interpretations.

To begin with, it is important to emphasize that Amy Jo's argument is founded on her belief that Donald has a separate and individual claim against each employer. For instance, Amy Jo asserts:

9

"By treating all of the claims in this case identically, the Board has apparently taken the position that K.S.A. 44-523(f) should be read as stating that where claims in an Application for Hearing do not come on for final hearing within five years the action may be dismissed *along with all claims subsequently made by the claimant against any entity arising out of the same injury*."

By asserting that there is a separate claim against each potentially liable employer, Amy Jo argues that the K.S.A. 2007 Supp. 44-523(f) 5-year time limit must be applied on a claim by claim basis, that is, on an employer by employer basis. Richardson Hauling and Clarkson Construction respond that employee-claimants have one claim per one injury because the number of claims stems from the number of injuries, not the number of employers.

As considered below, the meaning of the term "claim" under the Workers Compensation Act (Act) requires an in-depth analysis. Yet, by setting this issue aside briefly, it is readily apparent that two of Amy Jo's arguments are patently flawed.

*The Board Correctly Affirmed the ALJ's Decision to Dismiss For Lack of Prosecution as to Clarkson Construction and Richardson Hauling*

First, as Richardson Hauling and Clarkson Construction point out in their briefs, nothing within the language of K.S.A. 2007 Supp. 44-523(f) states that the 5-year time limit restarts as to all employers upon the filing of an amended application for hearing. Again, the relevant language of K.S.A. 2007 Supp. 44-523(f) states: "Any claim that has not proceeded to final hearing, a settlement hearing, or an agreed award under the workers compensation act within five years from the date of filing an application for hearing . . . shall be dismissed by the administrative law judge for lack of prosecution." Thus, even if one assumes that there are multiple claims based on the number of employers, nothing within the plain language of K.S.A. 2007 Supp. 44-523(f) supports

10

that the 5-year time limit on earlier filed applications for hearings would renew upon the filing of an amended application for hearing.

When engaging in statutory construction, the most fundamental rule is that the intent of the legislature governs if that intent can be ascertained. *Nationwide Mutual Ins. Co. v. Briggs*, 298 Kan. 873, 875, 317 P.3d 770 (2014). Common words must be given their ordinary meanings. *Cady v. Schroll*, 298 Kan. 731, 738, 317 P.3d 90 (2014). Furthermore, appellate courts must refrain from reading language into a statute that is not readily found within its words. *Cady*, 298 Kan. at 738.

Here, Amy Jo injects ambiguity by arguing that the 5-year time limit to prosecute a claim under K.S.A. 2007 Supp. 44-523(f) restarts on each filing of an amended application for hearing. Clearly, she is asking this court to rewrite the plain language of this statute to validate an untimely prosecution of this matter. Accordingly, Amy Jo's argument is incorrect. In turn, the 5-year time limit started to run as to Hutch Trucking and Richardson Hauling when Donald filed his separate applications for hearing, not when Donald filed the amended application for hearing naming Clarkson Construction as a statutory employer.

Additionally, as previously considered, K.S.A. 2007 Supp. 44-523(f) was enacted with the goal of providing the Division with a means to remove stale claims from the system. *Welty*, 48 Kan. App. 2d at 800. Amy Jo's interpretation of K.S.A. 2007 Supp. 44-523(f) would severely frustrate the statutory purpose of this statute. It would allow workers compensation claimants to continue to extend their time to prosecute claims by amending their applications for hearing, resulting in extended litigation. It would also result in prejudice to the employers who would have to litigate the workers compensation case for years. By the time a hearing was held on a claim, the employer would likely have spent more money during the extended litigation and would likely have a harder time finding and presenting evidence in its defense. Thus, not only does Amy Jo's

11

interpretation go against the plain language of K.S.A. 2007 Supp. 44-523(f), it also goes against the legislative intent behind the statute.

K.S.A. 2007 Supp. 44-523(f) states that a motion for extension of time for good cause is timely "provided such motion to extend is filed prior to the five year limitation provided for herein." Therefore, Amy Jo needed to request an extension of time before the 5-year time limit to prosecute the claim had elapsed. Otherwise, the ALJ would no longer have jurisdiction to consider the motion for extension of time.

Donald filed separate applications for hearing naming Hutch Trucking and Richardson Hauling as employers on the same day, June 12, 2009. This means the time computation analysis for both Hutch Trucking and Richardson Hauling is identical. For time computation purposes, June 13, 2014, is exactly 5 years after June 12, 2009. As a result, Donald needed to either prosecute his claim or move for an extension of time before June 13, 2014.

Nevertheless, Amy Jo did not move for an extension of time until February 25, 2015, almost a year after the 5-year time limit under K.S.A. 2007 Supp. 44-523(f) had elapsed. Consequently, both the ALJ and the Board properly refused to consider Amy Jo's motion for extension of time. Moreover, they properly granted Richardson Hauling's motion to dismiss.

*The Board Correctly Affirmed the ALJ's Decision to Dismiss the Fund For Lack of Prosecution as to the Fund*

Second, Amy Jo's arguments regarding the Fund fails because she (1) ignores the plain language of K.S.A. 2007 Supp. 44-523(f); and (2) ignores that the Fund's liability is tied directly to Hutch Trucking's liability.

12

For starters, nothing within the plain language of K.S.A. 2007 Supp. 44-523(f) states that the 5-year time limit to prosecute a claim starts or even restarts upon the filing of a motion to implead the Fund. Undoubtedly, this is because an application for hearing and a motion to implead the Fund are two separate procedures. Under K.S.A. 44-534, an aggrieved party may apply for a hearing

"[w]henever the employer, worker, Kansas workers compensation fund or insurance carrier cannot agree upon the worker's right to compensation under the workers compensation act or upon any issue in regard to workers compensation benefits due the injured worker thereunder."

The filing of an application for hearing commences formal workers compensation proceedings. Meanwhile, under K.S.A. 44-532a(a) and K.S.A. 2007 Supp. 44-566a(c)(1), an aggrieved party may move to implead the Fund when the party discovers that an employer has no insurance or insufficient insurance to pay compensation.

Accordingly, an application for hearing and a motion impleading the Fund are different procedures. The lack of language within K.S.A. 2007 Supp. 44-523(f) referencing motions to implead the Fund supports that motions to implead the Fund do not restart the 5-year time limit. As a result, under the plain language of K.S.A. 2007 Supp. 44-523(f), Amy Jo cannot treat an application for hearing naming an employer and a motion impleading the Fund interchangeably.

After recognizing that an application for hearing and a motion to implead the Fund are distinct procedures, it is readily apparent that the Board correctly affirmed the ALJ's ruling that dismissal of the Fund was appropriate. The Fund's liability was wholly dependent on an employer's liability, with the Fund becoming liable only if the employer failed to maintain adequate insurance. Thus, in this case, the Fund's liability stems from

Hutch Trucking's liability and failure to maintain insurance. If Hutch Trucking can no longer be held liable, then the Fund can no longer be held liable.

As explained, the application for hearing naming Hutch Trucking as an employer was filed on June 12, 2009. Amy Jo moved for extension of time more than 5 years after Donald filed the Hutch Trucking application for hearing. Accordingly, Amy Jo's motion for an extension of time was untimely, and the Board correctly affirmed the ALJ's dismissal of Donald's claim as to Hutch Trucking. Therefore, Amy Jo cannot hold the Fund liable.

*The Board Correctly Affirmed the ALJ's Decision to Dismiss For Lack of Prosecution As to Clarkson Construction*

To summarize, each of Amy Jo's arguments concerning why the Board erred by affirming the ALJ's decision that Amy Jo failed to timely prosecute Donald's claim as to Hutch Trucking, Richardson Hauling, and the Fund are incorrect. Thus, the only issue remaining is whether Amy Jo timely moved for an extension of time as to Clarkson Construction.

Amy Jo argues that her motion for extension for time filed on February 25, 2015, was timely because it was filed exactly 5 years after the amended application adding Clarkson Construction as a statutory employer. Amy Jo's argument turns on her belief that there is a separate claim for each potentially liable employer. Moreover, Amy Jo's argument also turns on her belief that the Board erred by starting its time computation on the date the amended application for hearing was filed because under K.S.A. 60-206(a), the Board was supposed to exclude the date the amended application was filed. Yet, there are many reasons why Amy Jo's argument must fail.

14

First, Amy Jo has abandoned her argument. In her brief, Amy Jo asserts that based on the plain language of K.S.A. 2007 Supp. 44-523(f), it is obvious (1) that the 5-year time limit to prosecute a claim restarts upon the filing of amended applications for hearings; and (2) that there are separate claims for each employer. The plain language of K.S.A. 2007 Supp. 44-523(f), however, does not make this obvious. Moreover, outside of her conclusory contentions that this is obvious, Amy Jo has provided no further analysis or law in support of her interpretation. Conclusory arguments raised incidentally in a brief and not argued or supported therein are deemed abandoned on appeal. See *RAMA Operating Co. v. Barker*, 47 Kan. App. 2d 1020, 1036, 286 P.3d 1138 (2012). Here, because Amy Jo's argument is conclusory and unsupported, she has abandoned it on appeal.

Second, the plain language of K.S.A. 2007 Supp. 44-523(f) indicates that an *amended* application for hearing does not restart the 5-year time limit to prosecute a case. In making her arguments, Amy Jo seems to ignore that Clarkson Construction was named as a statutory employer through an amended application for hearing as opposed to an initial application for hearing. K.S.A. 2007 Supp. 44-523(f) states that the 5-year time limit to prosecute a claim begins to run "from the date of filing an application for hearing." If the legislature intended that the 5-year time period restart upon the filing of an amended application for hearing, it would have included such language in the statute. Instead, K.S.A. 2007 Supp. 44-523(f) simply states "an application for hearing," which supports the proposition that later amended applications for hearing do not restart the 5-year time limit to prosecute a claim.

Third, and relatedly, the term "amend" means that the application for hearing naming Clarkson Construction related back to an earlier application for hearing. Stated another way, one cannot amend an application for hearing unless another earlier application for hearing has already been filed. Traditionally, an amended pleading has been treated as being filed the date the original pleading was filed. For instance, K.S.A.

15

60-215(c)(2) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when: . . . the amendment changes the party or the naming of the party against whom a claim is asserted." Although the rules of civil procedure do not generally apply to workers compensation claims, the concept of amending pleadings is broader than civil procedure itself. See *Johnson v. Brooks Plumbing*, 281 Kan. 1212, 1214, 135 P.3d 1203 (2006). Amendments are necessary instruments that eliminate the need to file entirely new pleadings based on minor errors or minor changes in arguments. Thus, amendments are a procedure of judicial economy. There is no reason why the concept of amendments relating back to original pleadings would not apply in workers compensation cases.

Accordingly, amended applications generally relate back to original applications. This means the relevant date for the 5-year time limit purposes was June 12, 2009, the date Donald filed the applications for hearing naming Hutch Trucking and Richardson Hauling as employers. As previously discussed, more than 5 years had passed between the date those applications for hearing were filed and the date Amy Jo moved for an extension of time. Thus, the Board properly affirmed the ALJ's decision to dismiss for lack of prosecution as to Clarkson Construction.

Fourth, Amy Jo has grounded her argument on a misconstrued understanding of the term "claim."  Amy Jo believes that there are individual and distinct claims for each potentially liable employer. This interpretation has allowed Amy Jo to argue that the *individual claim* against Clarkson Construction should be treated differently for time computation purposes than the *individual claims* against Hutch Trucking and Richardson Hauling. The term "claim" is not defined under the Act. Nevertheless, Black's Law Dictionary 301-02 (10th ed. 2014) defines claim as "[t]he assertion of an existing right" or "[a]n interest or remedy recognized at law; the means by which a person can obtain a privilege, possession, or enjoyment of a right or thing; cause of action." Thus, key to

16

bringing a claim is the existence of a right. The claim is the vehicle providing a person with a remedy at law.

Here, Donald had just a single injury. Based on his single injury, he decided to invoke his right to disability compensation under the Act by suing his employers. Donald claimed that he was entitled to compensation for his injury under the Act. Donald's claim was not different based on his different employers. Instead, Donald's claim is identical to all employers because he had just one right to invoke under the Act in his action for compensation. Indeed, if Donald had been successful in his workers compensation case, he would have received just one award for his injury regardless of how many employers were deemed financially liable. Consequently, as Richardson Hauling and Clarkson Construction argue in their brief, Donald had but one claim against all of the potentially liable employers collectively.

Moreover, the actions of claimant's counsel throughout the pendency of the case support the position that there was just one claim. As pointed out earlier, when Donald filed two applications for hearing on June 12, 2009, with one naming Hutch Trucking and the other naming Richardson Hauling as employers, he requested that the applications be docketed together and treated as one case. This resulted in the Division docketing the cases together as one case and under the same case number—#1046084. Moreover, when claimant's counsel filed the amended application for hearing naming Clarkson Construction as an employer, he requested that it be filed under case #1046084. Thus, claimant's counsel implicitly conceded that there was just one case, or just one claim, against all the employers collectively.

The use of the term "amend" in filing the "amended application for hearing" adding Clarkson Construction as a potentially liable statutory employer indicates that claimant's counsel knew there was just one claim; otherwise, why would he have filed an amended application as opposed to a separate and distinct application naming Clarkson

17

Construction? It also indicates that claimant came up with his interpretation of K.S.A. 2007 Supp. 44-523(f) as an afterthought when he realized that Richardson Hauling and Clarkson Construction were going to move to dismiss Donald's claim for lack of prosecution.

After establishing that there was just one claim at issue, it is readily apparent that Donald's action against Clarkson Construction was time-barred for lack of prosecution. If a workers compensation claimant has only one claim per injury, then there can be only one application for hearing. Any later additional applications for hearing would constitute amendments to the original application, regardless of whether the application stated that it was an amended application or not. Thus, the application for hearing referred to in K.S.A. 2007 Supp. 44-523(f) was the original application for hearing.

Again, in this case, the original application for hearing was filed on June 12, 2009, almost 6 years before Amy Jo moved for an extension of time on February 25, 2015. The amended application for hearing adding Clarkson Construction as an employer is irrelevant. Accordingly, the Board properly affirmed the ALJ's ruling that Donald's claim as to Clarkson Construction was time-barred for lack of prosecution under K.S.A. 2007 Supp. 44-523(f).

*Conclusion*

In summary, Amy Jo challenges the Board's holding affirming the ALJ's decision to grant Richardson Hauling's and Clarkson Construction's motion to dismiss for lack of prosecution because she believes: (1) the 5-year time limit under K.S.A. 2007 Supp. 44-523(f) starts to run against each employer when the application for hearing naming that employer was filed; and (2) the 5-year time limit under K.S.A. 2007 Supp. 44-523(f) restarts as to all employers upon the filing of an  amended application for hearing. Nevertheless, her arguments misinterpret the plain language of K.S.A. 2007 Supp. 44-

523(f) and the meaning of the term "claim." Therefore, the Board did not err by affirming the ALJ, and we affirm.

Affirmed.